**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Ryan T. Jareck
Daniel J. Harris
Matteo Percontino
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
rjareck@coleschotz.com
dharris@coleschotz.com
mpercontino@coleschotz.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| FRESHREALM, INC., *et al.*,[1] | Case No. 26-14656 (MEH) |
| Debtors. | (Jointly Administered) |

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that, on **June 18, 2026, at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard, the above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned proposed counsel, shall move the *Debtors' Motion for Entry of an Order (I) Authorizing And Approving Procedures to*

---

[1]   The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: FreshRealm, Inc. (8505); FreshRealm Holdings, Inc. (1563); IHEC, LLC (8728); FreshRealm HR, LLC (7221); and FreshRealm Texas, LLC (8263). The location of FreshRealm, Inc.'s principal place of business and service address is: 901 W Linden Ave, Linden, NJ 07036.

*Reject or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief*

(the "Motion") before the Honorable Mark E. Hall, United States Bankruptcy Judge, in Courtroom

3E of the United States Bankruptcy Court for the District of New Jersey, Martin Luther King, Jr.

Federal Building, 50 Walnut Street, Newark, NJ 07102 (the "Court"), for entry of an order

(the "Order"), substantially in the form submitted herewith, approving procedures to reject or

assume executory contracts.

**PLEASE TAKE FURTHER NOTICE** that, in support of the relief requested in the

Motion, the Debtors shall rely on the accompanying Motion, which sets forth the relevant legal

and factual bases upon which the relief requested should be granted.  A proposed Order granting

the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in

the Motion shall:  (i) be in writing, (ii) state with particularity the basis of the objection; and (iii) be

filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice

before the Bankruptcy Court in accordance with the *General Order Regarding Electronic Means*

*for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "General Order")

and the *Commentary Supplementing Administrative Procedures* dated as of March 2004

(the "Supplemental Commentary") (the General Order, the Supplemental Commentary, and the

User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the

official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in

Portable Document Format (PDF), and shall be served in accordance with the General Order and

the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing

date set forth above.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these

chapter 11 cases may be obtained free of charge by visiting the website of Kroll Restructuring

Administration LLC at https://restructuring.ra.kroll.com/Freshrealm.  You may also obtain copies

of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance

with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that unless responses are timely and properly filed

and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d),

and the relief requested may be granted without further notice or hearing.

[*Remainder of Page Intentionally Left Blank*]

Dated: May 28, 2026

/s/ *Ryan T. Jareck*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Ryan T. Jareck
Daniel J. Harris
Matteo Percontino
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email: msirota@coleschotz.com
   wusatine@coleschotz.com
   rjareck@coleschotz.com
   dharris@coleschotz.com
   mpercontino@coleschotz.com

*Proposed Counsel to the Debtors and
Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Ryan T. Jareck
Daniel J. Harris
Matteo Percontino
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
rjareck@coleschotz.com
dharris@coleschotz.com
mpercontino@coleschotz.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| FRESHREALM, INC., *et al*.,[1] | Case No. 26-14656 (MEH) |
| Debtors. | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING**
**AND APPROVING PROCEDURES TO REJECT OR ASSUME EXECUTORY**
**CONTRACTS AND UNEXPIRED LEASES, AND (II) GRANTING RELATED RELIEF**

TO THE HONORABLE JUDGE MARK E. HALL,
UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follows in support of this motion (this "Motion"):

---

[1]  The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: FreshRealm, Inc. (8505); FreshRealm Holdings, Inc. (1563); IHEC, LLC (8728); FreshRealm HR, LLC (7221); and FreshRealm Texas, LLC (8263). The location of FreshRealm, Inc.'s principal place of business and service address is: 901 W Linden Ave, Linden, NJ 07036.

**Relief Requested**

1.       The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) authorizing and approving procedures (as described herein, the "Contract Procedures") for rejecting or assuming executory contracts and unexpired leases (each a "Contract" and collectively, the "Contracts"); and (b) granting related relief.  The Debtors also request authority, but not direction, to remove or abandon personal property of the Debtors, including, without limitation, equipment, fixtures, furniture, and other personal property that may be located on, or have been installed in, leased premises that are subject to a rejected Contract after the effective date of any proposed rejection.

**Jurisdiction and Venue**

2.       The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.) (the "Standing Order").  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.       The bases for the relief requested herein are sections 105(a), 363, 365, and 554 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 6004-1, 6007-1, and 9013-1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

3

**Background**

5.       On April 27, 2026 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On April 29, 2026, this Court entered an order directing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 42].  The Debtors are operating their business and managing their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.       On May 14, 2026, the U.S. Trustee appointed an official committee of unsecured creditors [Docket No. 118] (the "Committee").  As of the date hereof, no request for the appointment of a trustee or examiner has been made.

7.       Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of the chapter 11 cases can be found in the *Declaration of Brian Fleming, Chief Financial Officer of the Debtors and Senior Director of Alvarez & Marsal North America, LLC in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 20] (the "First Day Declaration"),[2] which is incorporated herein by reference.

8.       As described in the First Day Declaration, the Debtors are pursuing an expedited chapter 11 process that includes a settlement with Blue Apron and transition transactions with Blue Apron and Misfits Market, together with a parallel, value-maximizing sale process for the Debtors' remaining assets that are not subject to the Blue Apron/Misfits Transaction.  To facilitate that

---

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

process and the Debtors' intended orderly wind-down and liquidation, the Debtors seek to implement the Contract Procedures below.

**The Debtors' Executory Contracts and Unexpired Leases**

9.      The Debtors are party to a substantial number of Contracts, which include, among other agreements, contracts with vendors for the supply of goods and services, contracts related to the operation of the Debtors' businesses, contracts with customers, and leases with respect to real and personal property.  During the pendency of these chapter 11 cases, the Debtors may, on a consensual or non-consensual basis, assume, assume and assign, or reject the Contracts.

10.     As detailed in the *Debtors' Motion for Entry of an Order (I) Approving the Settlement Between the Debtors and Blue Apron Pursuant to Bankruptcy Rule 9019, (II) Approving the Sale of Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (III) Authorizing the Debtors to Enter Into and Perform Their Obligations Under an Asset Purchase Agreement, (IV) Authorizing the Debtors to Enter Into a Transition Services Agreement with Blue Apron, (V) Authorizing the Debtors to Reject Certain Agreements, and (VI) Granting Related Relief* [Docket No. 21], the TSA (as defined therein) with Misfits Market contemplates the potential assumption and assignment of Pending Contracts (as defined in the TSA) to Misfits Market.  The Contracts comprising the Pending Contracts on Schedule D to the TSA are Contracts related to the Debtors' provision of services to Misfits Market under the TSA through the Service Transfer Date (as defined therein).  Together with Misfits Market, the Debtors are in the process of evaluating all of their Contracts to determine whether such Contracts should be rejected or assumed and assigned to Misfits Market under the TSA.

11.     The Debtors are separately evaluating the need for contracts that are unrelated to the contemplated transaction with Misfits Market or the TSA.

5

12.     Absent the relief requested in this Motion, the Debtors would be required to file separate motions to reject or assume Contracts, resulting in substantial costs to, and administrative burdens on the Debtors' estates—not to mention the attendant burden on the Court's docket. Accordingly, the Debtors hereby request approval of the Contract Procedures to minimize such costs and burdens.

**The Proposed Rejection Procedures**

13.     The Debtors seek entry of the Order authorizing and approving the following procedures (the "Rejection Procedures") with respect to rejection of the Contracts:

a.     ***Rejection Notice***. The Debtors shall file a notice substantially in the form attached to the Order as Exhibit 1 (the "Rejection Notice") indicating the Debtors' intent to reject a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things: (i) the Contract or Contracts to be rejected; (ii) the names and addresses of the counterparties to such Contract(s) (each a "Rejection Counterparty"); (iii) the proposed effective date of rejection for each such Contract(s) (each, the "Rejection Date"); (iv) if any such Contract is a lease or other agreement relating to real property, the personal property to be abandoned (the "Abandoned Property"), if any; (v) with respect to real property, any known third party having an interest in any remaining property, including personal property, furniture, fixtures, and equipment, located at the leased premises; and (vi) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Rejection Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on each Rejection Notice shall be limited to no more than 100 and the Rejection Counterparties shall be listed in alphabetical order. No Contract shall be deemed rejected absent entry of an Order (the "Rejection Order").

b.     ***Service of the Rejection Notice***. The Debtors will cause each Rejection Notice to be served: (i) by overnight delivery service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract or email (if known), upon such Rejection Counterparty's counsel (if known), and all parties who may have any interest in any Abandoned Property (if known); and (ii) by first class mail, email, or fax, upon (A) counsel to the Official Committee of Unsecured Creditors, Fox Rothschild LLP, 49 Market Street, Morristown, New Jersey 07960, Attn. Joseph J. DiPasquale, Esq. (jdipasquale@foxrothschild.com), Michael R. Herz, Esq. (mherz@foxrothschild.com), and Jesse M. Harris, Esq.

6

(jesseharris@foxrothschild.com); (B) counsel to Birch Grove Investments LLC, (i) Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn: Robert T. Schmidt, Esq. (robert.schmidt@hsfkramer.com), Richard E. Farley, Esq. (richard.farley@hsfkramer.com), Andrew Citron, Esq. (Andrew.citron@hsfkramer.com), and Marie Soga, Esq. (marie.soga@hsfkramer.com) and (ii) Sills Cummis & Gross P.C., The Legal Center, One Riverfront Plaza, Newark, NJ 07102, Attn: Andrew Sherman, Esq. (asherman@sillscummis.com) and Boris Mankovetskiy, Esq. (bmankovetskiy@sillscummis.com); (C) counsel to FaraNord (US) IV Pte Ltd, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Christopher Marcus, Esq. (cmarcus@kirkland.com), Jordan D. Roberts, Esq. (jordan.roberts@kirkland.com), Jess Lepper, Esq. (jess.lepper@kirkland.com), Charles H. Martin, Esq. (Charles.martin@kirkland.com), and Kelly Meyer, Esq. (kelly.meyer@kirkland.com); (D) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran B. Steele (fran.b.steele@usdoj.gov) and David Gerardi (david.gerardi@usdoj.gov); and (E) any party that has requested notice pursuant to Bankruptcy Rule 2002.

c.   *Objection Procedures*. Parties objecting to a proposed rejection must file and serve a written objection[3] so that such objection is filed with this Court on the docket of the Debtors' chapter 11 cases no later than ten (10) days after the date the Debtors file and serve the relevant Rejection Notice (the "Rejection Objection Deadline") and promptly serve such objection on the following parties (collectively, the "Objection Service Parties"): (i) the Debtors, FreshRealm, Inc., c/o Kyle Parker (kyle.parker@freshrealm.com); (ii) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn. Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Ryan T. Jareck, Esq. (rjareck@coleschotz.com), Daniel J. Harris, Esq. (dharris@coleschotz.com), and Matteo Percontino, Esq. (mpercontino@coleschotz.com); (iii) counsel to the Official Committee of Unsecured Creditors, Fox Rothschild LLP, 49 Market Street, Morristown, New Jersey 07960, Attn. Joseph J. DiPasquale, Esq. (jdipasquale@foxrothschild.com), Michael R. Herz, Esq. (mherz@foxrothschild.com), and Jesse M. Harris, Esq. (jesseharris@foxrothschild.com); (iv) counsel to Birch Grove Investments LLC, (a) Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn: Robert T. Schmidt, Esq. (robert.schmidt@hsfkramer.com), Richard E. Farley, Esq.

---

3   An objection to the rejection of any particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

7

(richard.farley@hsfkramer.com), Andrew Citron, Esq. (Andrew.citron@hsfkramer.com), and Marie Soga, Esq. (marie.soga@hsfkramer.com) and (b) Sills Cummis & Gross P.C., The Legal Center, One Riverfront Plaza, Newark, NJ 07102, Attn: Andrew Sherman, Esq. (asherman@sillscummis.com) and Boris Mankovetskiy, Esq. (bmankovetskiy@sillscummis.com); (v) counsel to FaraNord (US) IV Pte Ltd, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Christopher Marcus, Esq. (cmarcus@kirkland.com), Jordan D. Roberts, Esq. (jordan.roberts@kirkland.com), Jess Lepper, Esq. (jess.lepper@kirkland.com), Charles H. Martin, Esq. (Charles.martin@kirkland.com), and Kelly Meyer, Esq. (kelly.meyer@kirkland.com); and (vi) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran B. Steele (fran.b.steele@usdoj.gov) and David Gerardi (david.gerardi@usdoj.gov).

d.   *No Objection Timely Filed*. If no objection to the rejection of any Contract is timely filed, the Debtors shall file a proposed Rejection Order under a certificate of no objection. Each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agree; *provided*, *however*, that the Rejection Date for a rejection of a lease of nonresidential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises; *provided*, *further*, that the Rejection Date for a lease of nonresidential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e.   *Unresolved Timely Objections*. If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least ten (10) days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties. Such Contract will only be deemed rejected upon entry by the Court of a consensual form of Rejection Order resolving the objection as between the objection party and the Debtors or, if resolution is not reached and/or the objection is not withdrawn, upon further order of the Court and shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty agree, or as ordered by the Court.

8

f.     ***Removal from Schedule***. Subject to the TSA with respect to Pending Contracts (as defined therein), the Debtors reserve the right to remove any Contract from the schedule to a Rejection Notice at any time prior to the Rejection Date; *provided,* that the Debtors shall not remove any Contract from the schedule to a Rejection Notice if they have relinquished control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises as described above and (a) turning over keys, key codes, and security codes, if any, to the affected landlord or (b) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises.

g.     ***No Application of Security Deposits***. If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

h.     ***Abandoned Property***. The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract including, but not limited to, any store signage or furniture, fixtures and equipment; *provided*, *however*, that (i) nothing shall modify any requirement under applicable law with respect to the removal of any hazardous materials as defined under applicable law from any of the Debtors' leased premises, (ii) to the extent the Debtors seek to abandon personal property that contains "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code (the "PII"), the Debtors will use commercially reasonable efforts to remove the PII from such personal property before abandonment, and (iii) within five (5) business days of filing a Rejection Notice, the Debtors will make reasonable efforts to contact any third parties that may be known to the Debtors to have a property interest in the Abandoned Property and ask such third parties to remove or cause to be removed personal property, if any, from the premises prior to the Rejection Date. The Debtors shall generally describe the property in the Rejection Notice and their intent to abandon such property.  Absent a timely objection, any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.  The rights of the applicable landlord to assert claims with respect to such disposition of the abandoned property are reserved, as are all parties' rights to object to such claims.

i.      ***Proofs of Claim***. Claims arising out of the rejection of Contracts, if any, must be filed in accordance with any confirmed plan of reorganization or on or before the later of (i) the deadline for filing proofs of claim established in this chapter 11 case, if any, and (ii) 30 days after the later of (A) the date of entry of the Rejection Order approving rejection of the applicable Contract, and, (B) the Rejection Date.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

## **The Proposed Assumption Procedures**

14.     The Debtors seek entry of the Order authorizing and approving the following assumption procedures (the "Assumption Procedures") with respect to the Contracts:

a.      ***Assumption Notice***. The Debtors shall file a notice substantially in the form attached to the Order as Exhibit 2 (the "Assumption Notice") indicating the Debtors' intent to assume and/or assign a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Assumption Notice shall set forth, among other things: (i) the Contract or Contracts to be assumed; (ii) the names and addresses of the counterparties to such Contract(s) (each an "Assumption Counterparty"); (iii) the proposed effective date of assumption for each such Contract(s) (each, the "Assumption Date"); (iv) the proposed cure amount, if any, for each such Contract; (v) a description of any material amendments to the Contract made outside of the ordinary course of business, either by mutual agreement by the parties or otherwise; (vi) the identity of any proposed assignee of such Contract (the "Assignee"), if applicable; and (vii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below).  The Assumption Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on each Assumption Notice shall be limited to no more than 100.  No Contract shall be deemed assumed absent entry of an Order (an "Assumption Order").

b.      ***Service of Assumption Notice and Evidence of Adequate Assurance***. No later than three (3) business days after filing an Assumption Notice, the Debtors will cause such Assumption Notice to be served, regardless of the manner and means required for delivery of notices stated in the affected Contract(s) (i) by overnight service and electronic mail upon the Assumption Counterparties affected by the Assumption Notice and each Assignee, if applicable, at the address set forth in the notice provision of the applicable Contract (and upon the Assumption Counterparties' counsel, if known, with email service upon such counsel being sufficient) and (ii) by first class mail, email, or fax upon (A) counsel to the Official Committee of Unsecured Creditors, Fox Rothschild LLP, 49 Market Street, Morristown, New Jersey 07960, Attn. Joseph J. DiPasquale, Esq.

10

(jdipasquale@foxrothschild.com), Michael R. Herz, Esq. (mherz@foxrothschild.com), and Jesse M. Harris, Esq. (jesseharris@foxrothschild.com); (B) counsel to Birch Grove Investments LLC, (i) Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn: Robert T. Schmidt, Esq. (robert.schmidt@hsfkramer.com), Richard E. Farley, Esq. (richard.farley@hsfkramer.com), Andrew Citron, Esq. (Andrew.citron@hsfkramer.com), and Marie Soga, Esq. (marie.soga@hsfkramer.com) and (ii) Sills Cummis & Gross P.C., The Legal Center, One Riverfront Plaza, Newark, NJ 07102, Attn: Andrew Sherman, Esq. (asherman@sillscummis.com) and Boris Mankovetskiy, Esq. (bmankovetskiy@sillscummis.com); (C) counsel to FaraNord (US) IV Pte Ltd, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Christopher Marcus, Esq. (cmarcus@kirkland.com), Jordan D. Roberts, Esq. (jordan.roberts@kirkland.com), Jess Lepper, Esq. (jess.lepper@kirkland.com), Charles H. Martin, Esq. (Charles.martin@kirkland.com), and Kelly Meyer, Esq. (kelly.meyer@kirkland.com); (D) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran B. Steele (fran.b.steele@usdoj.gov) and David Gerardi (david.gerardi@usdoj.gov); and (E) any party that has requested notice pursuant to Bankruptcy Rule 2002.

c.   ***Objection Procedures***. Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract must file and serve a written objection[4] so that such objection is filed with this Court on the docket of the Debtors' chapter 11 cases no later than ten (10) days after the date the Debtors file and serve the relevant Assumption Notice (the "Assumption Objection Deadline") and promptly serve such objection on the following parties (the "Objection Service Parties"): (i) the Debtors, FreshRealm, Inc., c/o Kyle Parker (kyle.parker@freshrealm.com); (ii) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn. Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Ryan T. Jareck, Esq. (rjareck@coleschotz.com), Daniel J. Harris, Esq. (dharris@coleschotz.com), and Matteo Percontino, Esq. (mpercontino@coleschotz.com); (iii) counsel to the Official Committee of Unsecured Creditors, Fox Rothschild LLP, 49 Market Street, Morristown, New Jersey 07960, Attn. Joseph J. DiPasquale, Esq. (jdipasquale@foxrothschild.com), Michael R. Herz, Esq. (mherz@foxrothschild.com), and Jesse M. Harris, Esq.

---

[4]   An objection to the assumption of any particular Contract listed on an Assumption Notice shall not constitute an objection to the assumption of any other Contract listed on such Assumption Notice.

11

(jesseharris@foxrothschild.com); (iv) counsel to Birch Grove Investments LLC, (a) Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn: Robert T. Schmidt, Esq. (robert.schmidt@hsfkramer.com), Richard E. Farley, Esq. (richard.farley@hsfkramer.com), Andrew Citron, Esq. (Andrew.citron@hsfkramer.com), and Marie Soga, Esq. (marie.soga@hsfkramer.com) and (b) Sills Cummis & Gross P.C., The Legal Center, One Riverfront Plaza, Newark, NJ 07102, Attn: Andrew Sherman, Esq. (asherman@sillscummis.com) and Boris Mankovetskiy, Esq. (bmankovetskiy@sillscummis.com); (v) counsel to FaraNord (US) IV Pte Ltd,  Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Christopher Marcus, Esq. (cmarcus@kirkland.com), Jordan D. Roberts, Esq. (jordan.roberts@kirkland.com), Jess Lepper, Esq. (jess.lepper@kirkland.com), Charles H. Martin, Esq. (Charles.martin@kirkland.com), and Kelly Meyer, Esq. (kelly.meyer@kirkland.com); and (vi) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran B. Steele (fran.b.steele@usdoj.gov) and David Gerardi (david.gerardi@usdoj.gov).

d.   ***No Objection Timely Filed***. If no objection to the assumption of any Contract is timely filed, the Debtors shall file a proposed Assumption Order under a certificate of no objection.  Each Contract listed in the applicable Assumption Notice shall be assumed as of the applicable Assumption Date set forth in the Assumption Notice or such other date as the Debtors and the applicable Assumption Counterparty agree; *provided*, *however*, that the Assumption Date for a lease of nonresidential real property shall not occur earlier than the date the Debtors filed and served the applicable Assumption Notice.  Any Assumption Counterparty that fails to timely file and properly serve an objection shall (i) be forever barred from objecting to the cure amount and from asserting any additional cure amount with respect to such Contract, and (ii) shall be deemed to have consented to the assumption, assignment, and transfer of the Contract to the Assignee.

e.   ***Unresolved Timely Objections***. If an objection to an Assumption Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least ten (10) days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties.  Such Contract will only be deemed assumed upon entry by the Court of a consensual form of an Assumption Order resolving the objection as between the objection party and the Debtors or, if resolution is not reached and/or the objection is not withdrawn, upon further order of the Court and shall be assumed as of the applicable Assumption Date set forth in the Assumption Notice or such other date to which the Debtors and the applicable Assumption Counterparty agree, or as ordered by the Court.

f.      ***Removal from Schedule***. Subject to the rights of Misfits Market under the TSA and any order approving same, the Debtors reserve the right to remove any Contract from the schedule to an Assumption Notice at any time prior to the Assumption Date.

15.     In addition, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Debtors request that the assignment of any Contract pursuant to the Assumption Procedures (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guaranties of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims and encumbrances that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s) (but only in connection with the assignment by the Debtor to the Assignee)), *provided*, *however*, that any such assignment shall not be free and clear of any accrued but unbilled or not due rent and charges under a lease of nonresidential real property including adjustments, reconciliations and indemnity obligations, liability for which shall be assumed by the Debtors or the applicable Assignee, as agreed by and among the Debtors and the applicable Assignee; and (b) constitutes a legal, valid, and effective transfer of such Contract(s) and vests the applicable Assignee with all rights, titles, and interests to the applicable Contracts.[5] For the

---

[5]     Certain of the Contracts may contain provisions that restrict, prohibit, condition, or limit the assumption and/or assignment of such Contract. The Debtors reserve all rights with respect to the enforceability of such provisions, including the right to argue such clauses are unenforceable.

avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

### Basis for Relief

### I.    The Contract Procedures are in the Best Interests of the Debtors' Estates

16.    Given the large number of Contracts to which the Debtors are a party, establishing the Contract Procedures will streamline the administration of these chapter 11 cases and enhance the efficiency of the chapter 11 process by eliminating substantial legal expenses that would otherwise be incurred if multiple hearings were held on separate motions with respect to every Contract that the Debtors seek to reject or assume.  The Contract Procedures are reasonable and fair to Contract counterparties because they afford parties in interest the opportunity to be heard with respect to the rejection or assumption of the Contracts.

17.    Courts in this district have granted relief similar to that requested herein.  *See, e.g.*, *In re Eddie Bauer, LLC*, Case No. 26-11422 (SLM) (Bankr. D.N.J. Mar. 3, 2026) (entering an order for procedures to reject executory contracts); *In re STG Logistics, Inc.*, Case No. 26-10258 (Bankr. D.N.J. Feb. 10, 2026) (same); *In re Del Monte Foods Corporation II Inc.*, Case No. 25-16984 (MBK) (Bankr. D.N.J. Oct. 6, 2025) (same); *In re Invitae Corporation,* No. 24-11362 (MBK) (Bankr. D.N.J. May 18, 2024) (same); *In re WeWork Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. Nov. 29, 2023) (same); *In re Rite Aid Corporation,* No. 23-18993(MBK) (Bankr. D.N.J. Nov. 20, 2023) (same); *In re DirectBuy Home Improvement, Inc.*, No. 23-19159 (SLM) (Bankr. D.N.J. Nov. 9, 2023) (same); *In re Bed Bath & Beyond Inc.*, No. 23-1335 (VFP) (Bankr. D.N.J. May 17, 2023) (same); *In re David's Bridal, LLC,* No. 23-13131 (CMG) (Bankr. D.N.J. May 18, 2023) (same).

**II.     Rejection, Assumption, Assignment, and Amendment of the Contracts is an Exercise of the Debtors' Business Judgment**

18.     Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor.  *See Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1099 (2d Cir. 1993); *see also Nat'l Labor Relations Bd. v. Bildisco and Bildisco* (*In re Bildisco*), 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test." (citation omitted)).  The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice.  *See Lubrizol Enters., Inc. v. Richmond Metal Finishers*, 756 F.2d 1043, 1047 (4th Cir. 1985), *cert. denied*, 475 U.S. 1057 (1986).

19.     The Court may also authorize the Contract Procedures under section 105(a) of the Bankruptcy Code.  Section 105(a) codifies a bankruptcy court's inherent equitable powers, and allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Accordingly, a bankruptcy court's exercise of its authority under section 105(a) of the Bankruptcy Code is appropriately used to carry out one of the central policies underlying chapter 11—*i.e.*, to preserve value and maximize property available to satisfy the debtor's stakeholders.

20.     Courts generally will not second-guess a debtor's business judgment concerning the rejection or assumption of an executory contract or unexpired lease.  Further, the business judgment standard is satisfied when a debtor determines that rejection or assumption will benefit the estate.  *See In re Trans World Airlines, Inc.*, No. 01-0056, 2001 Bankr. LEXIS 722, at *7–8

(Bankr. D. Del. Mar. 16, 2001) (noting that the standard under section 365 requires consideration of the benefit of the rejection to the debtor's estate); *see also In re TS Indus., Inc.*, 117 B.R. 682, 685 (Bankr. D. Utah 1990); *In re Del Grosso*, 115 B.R. 136, 138 (Bankr. N.D. Ill. 1990).

21.     In consultation with Misfits Market, the Debtors have determined, in their sound business judgment, that the rejection or assumption of Contracts in accordance with the Contract Procedures proposed herein is and will be in the best interest of the Debtors' estates. Further, the Contract Procedures will avoid substantial legal expense and the use of Court time that would result if a motion were filed and a hearing held for every motion seeking the rejection or assumption of Contracts. The Debtors submit that the information provided on the Rejection Notices and the Assumption Notices will provide the Court and interested parties with sufficient information to establish that the Debtors are entitled to make such a rejection or assumption in their sound business judgment. Accordingly, the Court should approve the Contract Procedures.

### III.     The Assignment of Contracts Should be Approved Free and Clear of Interests

22.     Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in such property if: (a) applicable nonbankruptcy law permits a free and clear sale; (b) the holder of the interest consents; (c) the interest is a lien and the sale price of the property exceeds the value of all liens on the property; (d) the interest is in bona fide dispute; or (e) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest. 11 U.S.C. § 363(f).

23.     Executory contracts and unexpired leases are property of a debtor's estate. *See, e.g.*, *In re Rickel Home Ctr., Inc.*, 209 F.3d 291, 300 (3d Cir. 2000) ("Unexpired leases, like executory contracts, are included in the definition of 'property of the estate' under section 541."). To the extent the Debtors assume and assign a Contract pursuant to the Assumption Procedures,

16

such assignment is tantamount to a sale of estate property, and may be transferred free and clear of the interests in such property held by an entity other than the estate, so long as one of the criteria under section 363(f) of the Bankruptcy Code is satisfied. The Debtors propose that if a party in interest fails to timely object to an assumption and assignment consistent with the Assumption Procedures, such party shall be deemed to "consent" to such assumption and assignment within the meaning of section 363(f)(2) of the Bankruptcy Code. If a party in interest timely objects to an assumption and assignment consistent with the Assumption Procedures, and such objection is not withdrawn or resolved, the Debtors shall file a notice of hearing to consider the objection; if such objection is overruled or withdrawn, the Contract(s) in question shall be assumed. The requirements of section 363(f) of the Bankruptcy Code would thus be satisfied for any proposed "transfer" of a Contract free and clear of liens, claims, encumbrances, and other interests.

24.     Courts have granted similar authority. *See, e.g.*, *In re Eddie Bauer LLC*, Case No. 26-11422 (SLM) (Bankr. D.N.J. Mar. 3, 2026) (establishing assumption and rejection procedures and authorizing the assignment of contracts and leases free and clear of liens and claims); *In re STG Logistics, Inc.*, No. 26-10258 (MEH) (Bankr. D.N.J. Feb. 10, 2026) (same); *In re Del Monte Foods Corp. II.*, No. 25-16984 (MBK) (Bankr. D.N.J. Oct. 6, 2025) (same); *In re Cyxtera Techs., Inc.*, No. 23-14853 (Bankr. D.N.J. June 29, 2023) (authorizing the assignment of contracts and leases free and clear of liens and claims); *In re Bon Ton Stores, Inc.*, No. 18-10248 (Bankr. D. Del. Aug. 30, 2018) (same); *In re Magnum Hunter Resources Corporation*, No. 15-12533 (Bankr. D. Del. Feb. 26, 2016) (same); *In re Specialty Retail Shops Holding Corp.*, No. 19-80064 (Bankr. D. Neb. Jan. 17, 2019) (same); *In re Eastman Kodak Co.*, No. 12-10202 (Bankr. S.D.N.Y. Jan. 8, 2013) (same).

**IV.     Abandonment by the Debtors' Personal Property is Proper under Section 554(a)**

17

25.     With respect to the Debtors' request for authority to abandon property, the Debtors submit that the standard set forth in section 554(a) of the Bankruptcy Code is satisfied. Section 554(a) provides that a debtor in possession may abandon, subject to court approval, "property of the estate that . . . is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).  Before authorizing abandonment of property, a Bankruptcy Court must find that either: (i) the property is burdensome to the estate or (ii) the property is both of inconsequential value and inconsequential benefit to the estate.  *See, e.g., Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 497 (1986); *Matter of Boogaard*, 89 B.R. 397, 397 (Bankr. D. Del. 1988); *In re Pilz Compact Disc, Inc.*, 229 B.R. 630, 635 (Bankr. E.D. Pa. 1999).  The personal property proposed to be abandoned in connection with any future rejections of Contracts that are real property leases would primarily consist of store signage, fixtures, furniture, advertising displays, and other office and store equipment that could not be liquidated in store closing sales and is (a) of minimal or no material value or benefit to the Debtors' estates and/or (b) burdensome insofar as the costs and expenses of removal and storage of such property are likely to exceed the net proceeds realizable from their sale.

## V.      The Contract Procedures Satisfy Due Process

26.     The counterparties to the Contracts will not be prejudiced by the Contract Procedures because, upon receipt of a Rejection Notice or an Assumption Notice, such counterparties will have received advance notice of the Debtors' intent to reject or assume their respective Contracts as of the effective date of such rejection or assumption.  *See, e.g., In re Thane Int'l, Inc.,* 586 B.R. 540, 548 (Bankr. D. Del. 2018) (finding that the requirements of the Bankruptcy Code are meant to protect the interests of the non-debtor parties to executory contracts, so they may avoid having to deal with an assumption of which they had no notice and which they

18

had no opportunity to contest); *In re Mid Region Petrol. Inc.*, 111 B.R. 968, 970 (Bankr. N.D. Okla. 1990) (holding effective date of rejection of leases was the date the trustee gave notice to lessor of intent to reject), *aff'd*, 1 F.3d 1130 (10th Cir. 1993); *In re Carlisle Homes, Inc.*, 103 B.R. 524, 535 (Bankr. D.N.J. 1988) (finding debtor may reject executory contract by clearly communicating intention to reject). Additionally, in the case of unexpired leases of nonresidential real property, the Debtors will likely vacate the premises before or upon serving the Rejection Notice, thereby allowing the counterparties to take possession of and relet the property promptly. *See, e.g., Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 608-09 (2d Cir. 2007) (holding that bankruptcy court did not abuse its discretion in finding balance of equities favored making rejection of a nonresidential lease of real property retroactive to date tenant vacated premises, as tenant's action provided landlord with opportunity to relet premises); *In re New Valley Corp*, No. 98-982, 2000 U.S. Dist. LEXIS 12663, at *44-46 (D.N.J. Aug. 31, 2000) (holding that bankruptcy court properly exercised its discretion in adjusting the effective date of rejection from the date the court signed the order authorizing rejection to the date on which the debtor vacated and the landlord exercised control over the property); *In re Amber's Stores, Inc.* 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (holding that lease at issue should be deemed rejected as of the petition date due to equities of the case where debtor turned over keys and vacated premises and served motion to reject lease as soon as possible).

27. As a procedural matter, "[a] proceeding to assume, reject, or assign an executory contract or unexpired lease . . . is governed by Rule 9014." Fed. R. Bankr. P. 6006(a). Bankruptcy Rule 9014 provides that: "[i]n a contested matter . . . , not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Fed. R. Bankr. P. 9014(a). The notice and

19

hearing requirements for contested matters under Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for hearing are given *in light of the particular circumstances*. *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" or a similar phrase to mean such notice and an opportunity for hearing "as [are] appropriate in the particular circumstances").

28.     Under Bankruptcy Rule 6006(f), a debtor may join requests for authority to assume or reject multiple executory contracts or unexpired leases in one motion, subject to Bankruptcy Rule 6006(e). *See* Fed. R. Bankr. P. 6006(f).  Bankruptcy Rule 6006(f) sets forth six requirements that motions to assume or reject multiple executory contracts or unexpired leases must satisfy. These requirements are procedural in nature.  A motion to assume or reject multiple executory contracts or unexpired leases that are not between the same parties shall:

    i.    state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

    ii.    list parties alphabetically and identify the corresponding contract or lease;

    iii.    specify the terms, including the curing of defaults, for each requested assumption or assignment;

    iv.    specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

    v.    be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

    vi.    be limited to no more than 100 executory contracts or unexpired leases.

Fed. R. Bankr. P. 6006(f).

29.     The clear purpose of Bankruptcy Rule 6006(f), as amended, is to protect the due process rights of counterparties to the Contracts while conserving estate resources.  Counterparties

must be able to locate their Contracts and readily determine whether their Contracts are being assumed or rejected.

30. The Contract Procedures satisfy Bankruptcy Rule 6006(f), including the 100-contract or lease limit set forth in subsection (vi) thereof. Further, given the substantial number of Contracts the Debtors will be seeking to reject or assume, obtaining Court approval of each rejection or assumption would impose unnecessary administrative burdens on the Debtors and the Court and result in costs to the Debtors' estates that may decrease the economic benefits of rejection or assumption.

31. In accordance with Bankruptcy Rule 6007(a), the Debtors will provide the U.S. Trustee and other parties in interest with the requisite notice and an opportunity to object to any proposed abandonment of property.

32. As a result, the Contract Procedures afford Contract counterparties and all other parties in interest their due process rights by providing notice and the opportunity to be heard. Moreover, Court oversight is maintained in the event of an objection. For the foregoing reasons, the Contract Procedures should be approved, and the Debtors should be authorized to reject or assume the Contracts consistent with the terms of such procedures.

33. In sum, the Contract Procedures will minimize costs to the Debtors' estates and reduce the burden on this Court's docket while protecting parties in interest by providing notice and the opportunity to object and obtain a hearing. Moreover, the Debtors have determined that the Contract Procedures are an appropriate means to protect and maximize the value of the Debtors' estates.

**Request of Waiver of Stay**

34.     To the extent that the relief sought in the Motion constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtors seek a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h).  Further, to the extent applicable, the Debtors request that the Court find that the provisions of Bankruptcy Rule 6003 are satisfied.  The Debtors also seek to waive the 14-day stay required of any assignment of Contract under Bankruptcy Rule 6006(d).  As explained herein, the relief requested in this Motion is immediately necessary for the Debtors to be able to continue to operate their business and preserve the value of their estates.

**Reservation of Rights**

35.     Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or

22

rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

## No Prior Request

36.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

## Notice

37.     The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee for the District of New Jersey; (b) counsel to the Committee; (c) counsel to Birch Grove Investments LLC; (d) counsel to FaraNord (US) IV Pte Ltd; (e) the office of the attorney general for each of the states in which the Debtors operate; (f) the United States Attorney's Office for the District of New Jersey; (g) the Internal Revenue Service; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

23

## Conclusion

**WHEREFORE**, the Debtors request that the Court enter an order, in substantially in the form of Order attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: May 28, 2026

*/s/ Ryan T. Jareck*
**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Ryan T. Jareck
Daniel J. Harris
Matteo Percontino
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:     msirota@coleschotz.com
               wusatine@coleschotz.com
               rjareck@coleschotz.com
               dharris@coleschotz.com
               mpercontino@coleschotz.com

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

24

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Ryan T. Jareck
Daniel J. Harris
Matteo Percontino
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
rjareck@coleschotz.com
dharris@coleschotz.com
mpercontino@coleschotz.com

*Proposed Counsel to the Debtors and Debtors in*
*Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| FRESHREALM, INC., *et al.*,[1] | Case No. 26-14656 (MEH) |
| Debtors. | (Jointly Administered) |

## ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through thirteen (13), is

hereby **ORDERED**.

---

[1]   The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: FreshRealm, Inc. (8505); FreshRealm Holdings, Inc. (1563); IHEC, LLC (8728); FreshRealm HR, LLC (7221); and FreshRealm Texas, LLC (8263). The location of FreshRealm, Inc.'s principal place of business and service address is: 901 W Linden Ave, Linden, NJ 07036.

Page (2)

| | |
|---|---|
| Debtors: | FRESHREALM, INC., *et al.* |
| Case No.: | 26-14656 (MEH) |
| Caption of Order: | ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF |

Upon the *Debtors' Motion for Entry of an Order (I) Authorizing And Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (the "Debtors"), for entry of an order (this "Order") (a) authorizing and approving the Contract Procedures for rejecting or assuming the Contracts, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard statements, if any, in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

2.      The following Rejection Procedures are approved in connection with rejecting Contracts:

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Page (3)
Debtors:            FRESHREALM, INC., *et al.*
Case No.:           26-14656 (MEH)
Caption of Order:   ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO
                    REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED
                    LEASES AND (II) GRANTING RELATED RELIEF

---

a. ***Rejection Notice***. The Debtors shall file a notice substantially in the form attached hereto as Exhibit 1 (the "Rejection Notice") indicating the Debtors' intent to reject a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things: (i) the Contract or Contracts to be rejected; (ii) the names and addresses of the counterparties to such Contract(s) (each a "Rejection Counterparty"); (iii) the proposed effective date of rejection for each such Contract(s) (each, the "Rejection Date"); (iv) if any such Contract is a lease or other agreement relating to real property, the personal property to be abandoned (the "Abandoned Property"), if any; (v) with respect to real property, any known third party having an interest in any remaining property, including personal property, furniture, fixtures, and equipment, located at the leased premises; and (vi) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Rejection Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on each Rejection Notice shall be limited to no more than 100 and the Rejection Counterparties shall be listed in alphabetical order. No Contract shall be deemed rejected absent entry of an Order (a "Rejection Order").

b. ***Service of the Rejection Notice***. The Debtors will cause each Rejection Notice to be served: (i) by overnight delivery service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract or email (if known), upon such Rejection Counterparty's counsel (if known), and all parties who may have any interest in any Abandoned Property (if known); and (ii) by first class mail, email, or fax, upon (A) counsel to the Official Committee of Unsecured Creditors, Fox Rothschild LLP, 49 Market Street, Morristown, New Jersey 07960, Attn. Joseph J. DiPasquale, Esq. (jdipasquale@foxrothschild.com), Michael R. Herz, Esq. (mherz@foxrothschild.com), and Jesse M. Harris, Esq. (jesseharris@foxrothschild.com); (B) counsel to Birch Grove Investments LLC, (i) Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn: Robert T. Schmidt, Esq. (robert.schmidt@hsfkramer.com), Richard E. Farley, Esq. (richard.farley@hsfkramer.com), Andrew Citron, Esq. (Andrew.citron@hsfkramer.com), and Marie Soga, Esq. (marie.soga@hsfkramer.com) and (ii) Sills Cummis & Gross P.C., The Legal Center, One Riverfront Plaza, Newark, NJ 07102, Attn: Andrew Sherman, Esq. (asherman@sillscummis.com) and Boris Mankovetskiy, Esq. (bmankovetskiy@sillscummis.com); (C) counsel to FaraNord (US) IV Pte Ltd, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Christopher Marcus, Esq. (cmarcus@kirkland.com), Jordan D.

Page (4)
Debtors:          FRESHREALM, INC., *et al.*
Case No.:         26-14656 (MEH)
Caption of Order: ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO
                  REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED
                  LEASES AND (II) GRANTING RELATED RELIEF

Roberts, Esq. (jordan.roberts@kirkland.com), Jess Lepper, Esq. (jess.lepper@kirkland.com), Charles H. Martin, Esq. (Charles.martin@kirkland.com), and Kelly Meyer, Esq. (kelly.meyer@kirkland.com); (D) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran B. Steele (fran.b.steele@usdoj.gov) and David Gerardi (david.gerardi@usdoj.gov); and (E) any party that has requested notice pursuant to Bankruptcy Rule 2002.

c.  ***Objection Procedures***. Parties objecting to a proposed rejection must file and serve a written objection[2] so that such objection is filed with this Court on the docket of the Debtors' chapter 11 cases no later than ten (10) days after the date the Debtors file and serve the relevant Rejection Notice (the "Rejection Objection Deadline") and promptly serve such objection on the following parties (collectively, the "Objection Service Parties"): (i) the Debtors, FreshRealm, Inc., c/o Kyle Parker (kyle.parker@freshrealm.com); (ii) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn. Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Ryan T. Jareck, Esq. (rjareck@coleschotz.com), Daniel J. Harris, Esq. (dharris@coleschotz.com), and Matteo Percontino, Esq. (mpercontino@coleschotz.com); (iii) counsel to the Official Committee of Unsecured Creditors, Fox Rothschild LLP, 49 Market Street, Morristown, New Jersey 07960, Attn. Joseph J. DiPasquale, Esq. (jdipasquale@foxrothschild.com), Michael R. Herz, Esq. (mherz@foxrothschild.com), and Jesse M. Harris, Esq. (jesseharris@foxrothschild.com); (iv) counsel to Birch Grove Investments LLC, (a) Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn: Robert T. Schmidt, Esq. (robert.schmidt@hsfkramer.com), Richard E. Farley, Esq. (richard.farley@hsfkramer.com), Andrew Citron, Esq. (Andrew.citron@hsfkramer.com), and Marie Soga, Esq. (marie.soga@hsfkramer.com) and (b) Sills Cummis & Gross P.C., The Legal Center, One Riverfront Plaza, Newark, NJ 07102, Attn: Andrew Sherman, Esq. (asherman@sillscummis.com) and Boris Mankovetskiy, Esq. (bmankovetskiy@sillscummis.com); (v) counsel to FaraNord (US) IV Pte Ltd, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Christopher Marcus, Esq. (cmarcus@kirkland.com), Jordan D.

---

[2]  An objection to the rejection of any particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

Page (5)
Debtors:              FRESHREALM, INC., *et al.*
Case No.:             26-14656 (MEH)
Caption of Order:     ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO
                      REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED
                      LEASES AND (II) GRANTING RELATED RELIEF

---

Roberts, Esq. (jordan.roberts@kirkland.com), Jess Lepper, Esq. (jess.lepper@kirkland.com), Charles H. Martin, Esq. (Charles.martin@kirkland.com), and Kelly Meyer, Esq. (kelly.meyer@kirkland.com); and (vi) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran B. Steele (fran.b.steele@usdoj.gov) and David Gerardi (david.gerardi@usdoj.gov).

d.   *No Objection Timely Filed*. If no objection to the rejection of any Contract is timely filed, the Debtors shall file a proposed Rejection Order under a certificate of no objection. Each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agree; *provided*, *however*, that the Rejection Date for a rejection of a lease of nonresidential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises; *provided*, *further*, that the Rejection Date for a lease of nonresidential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e.   *Unresolved Timely Objections*. If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least ten (10) days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties. Such Contract will only be deemed rejected upon entry by the Court of a consensual form of Rejection Order resolving the objection as between the objection party and the Debtors or, if resolution is not reached and/or the objection is not withdrawn, upon further order of the Court and shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty agree, or as ordered by the Court.

f.   *Removal from Schedule*. The Debtors reserve the right to remove any Contract from the schedule to a Rejection Notice at any time prior to the Rejection Date; *provided,* that the Debtors shall not remove any Contract from the schedule to a Rejection Notice if they have relinquished control of

Page (6)
Debtors:          FRESHREALM, INC., *et al.*
Case No.:         26-14656 (MEH)
Caption of Order: ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO
                  REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED
                  LEASES AND (II) GRANTING RELATED RELIEF

the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises as described above and (a) turning over keys, key codes, and security codes, if any, to the affected landlord or (b) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises.

g.   ***No Application of Security Deposits***. If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

h.   ***Abandoned Property***. The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property, including but not limited to, any store signage or furniture, fixtures and equipment, that may be located on the Debtors' leased premises that are subject to a rejected Contract; *provided*, *however*, that (i) nothing shall modify any requirement under applicable law with respect to the removal of any hazardous materials as defined under applicable law from any of the Debtors' leased premises, (ii) to the extent the Debtors seek to abandon personal property that contains "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code (the "PII"), the Debtors will use commercially reasonable efforts to remove the PII from such personal property before abandonment, and (iii) within five (5) business days of filing a Rejection Notice, the Debtors will make reasonable efforts to contact any third parties that may be known to the Debtors to have a property interest in the Abandoned Property and ask such third parties to remove or cause to be removed personal property, if any, from the premises prior to the Rejection Date. The Debtors shall generally describe the property in the Rejection Notice and their intent to abandon such property.  Absent a timely objection, any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.  The rights of the applicable landlord to assert claims with respect to such disposition of the abandoned property are reserved, as are all parties' rights to object to such claims.

Page (7)
Debtors:            FRESHREALM, INC., *et al.*
Case No.:           26-14656 (MEH)
Caption of Order:   ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO
                    REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED
                    LEASES AND (II) GRANTING RELATED RELIEF

i.     *Proofs of Claim*. Claims arising out of the rejection of Contracts, if any, must be filed in accordance with any confirmed plan of reorganization or on or before the later of (i) the deadline for filing proofs of claim established in this chapter 11 case, if any, and (ii) 30 days after the later of (A) the date of entry of the Rejection Order approving rejection of the applicable Contract, and, (B) the Rejection Date.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

3.     The following Assumption Procedures are approved in connection with the assumption or assumption and assignment of Contracts:

a.     *Assumption Notice*. The Debtors shall file a notice substantially in the form attached to the Order as Exhibit 2 (the "Assumption Notice") indicating the Debtors' intent to assume a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Assumption Notice shall set forth, among other things: (i) the Contract or Contracts to be assumed; (ii) the names and addresses of the counterparties to such Contract(s) (each an "Assumption Counterparty"); (iii) the proposed effective date of assumption for each such Contract(s) (each, the "Assumption Date"); (iv) the proposed cure amount, if any, for each such Contract; (v) a description of any material amendments to the Contract made outside of the ordinary course of business, either by mutual agreement by the parties or otherwise; (vi) the identity of any proposed assignee of such Contract (the "Assignee"), if applicable; and (vi) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below).  The Assumption Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on each Assumption Notice shall be limited to no more than 100.  No Contract shall be deemed assumed absent entry of an Order (an "Assumption Order").

b.     *Service of Assumption Notice and Evidence of Adequate Assurance*. No later than three (3) business days after filing an Assumption Notice, the Debtors will cause such Assumption Notice to be served, regardless of the manner and means required for delivery of notices stated in the affected Contract(s) (i) by overnight service and electronic mail upon the Assumption Counterparties affected by the Assumption Notice and each Assignee, if applicable, at the address set forth in the notice provision of the applicable Contract (and upon the Assumption Counterparties' counsel, if known, with email service upon such counsel being sufficient) and (ii) by first class mail, email, or fax upon (A) counsel to the Official Committee of

Page (8)

| | |
|---|---|
| Debtors: | FRESHREALM, INC., *et al.* |
| Case No.: | 26-14656 (MEH) |
| Caption of Order: | ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF |

Unsecured Creditors, Fox Rothschild LLP, 49 Market Street, Morristown, New Jersey 07960, Attn. Joseph J. DiPasquale, Esq. (jdipasquale@foxrothschild.com), Michael R. Herz, Esq. (mherz@foxrothschild.com), and Jesse M. Harris, Esq. (jesseharris@foxrothschild.com); (B) counsel to Birch Grove Investments LLC, (i) Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn: Robert T. Schmidt, Esq. (robert.schmidt@hsfkramer.com), Richard E. Farley, Esq. (richard.farley@hsfkramer.com), Andrew Citron, Esq. (Andrew.citron@hsfkramer.com), and Marie Soga, Esq. (marie.soga@hsfkramer.com) and (ii) Sills Cummis & Gross P.C., The Legal Center, One Riverfront Plaza, Newark, NJ 07102, Attn: Andrew Sherman, Esq. (asherman@sillscummis.com) and Boris Mankovetskiy, Esq. (bmankovetskiy@sillscummis.com); (C) counsel to FaraNord (US) IV Pte Ltd, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Christopher Marcus, Esq. (cmarcus@kirkland.com), Jordan D. Roberts, Esq. (jordan.roberts@kirkland.com), Jess Lepper, Esq. (jess.lepper@kirkland.com), Charles H. Martin, Esq. (Charles.martin@kirkland.com), and Kelly Meyer, Esq. (kelly.meyer@kirkland.com); (D) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran B. Steele (fran.b.steele@usdoj.gov) and David Gerardi (david.gerardi@usdoj.gov); and (E) any party that has requested notice pursuant to Bankruptcy Rule 2002.

c.   ***Objection Procedures***. Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract must file and serve a written objection[3] so that such objection is filed with this Court on the docket of the Debtors' chapter 11 cases no later than ten (10) days after the date the Debtors file and serve the relevant Assumption Notice (the "Assumption Objection Deadline") and promptly serve such objection on the following parties (the "Objection Service Parties"): (i) the Debtors, FreshRealm, Inc., c/o Kyle Parker (kyle.parker@freshrealm.com); (ii) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn. Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Ryan T. Jareck, Esq. (rjareck@coleschotz.com), Daniel J. Harris, Esq.

---

[3]   An objection to the assumption of any particular Contract listed on an Assumption Notice shall not constitute an objection to the assumption of any other Contract listed on such Assumption Notice.

Page (9)
Debtors:            FRESHREALM, INC., *et al.*
Case No.:           26-14656 (MEH)
Caption of Order:   ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO
                    REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED
                    LEASES AND (II) GRANTING RELATED RELIEF

(dharris@coleschotz.com), and Matteo Percontino, Esq. (mpercontino@coleschotz.com); (iii) counsel to the Official Committee of Unsecured Creditors, Fox Rothschild LLP, 49 Market Street, Morristown, New Jersey 07960, Attn. Joseph J. DiPasquale, Esq. (jdipasquale@foxrothschild.com), Michael R. Herz, Esq. (mherz@foxrothschild.com), and Jesse M. Harris, Esq. (jesseharris@foxrothschild.com); (iv) counsel to Birch Grove Investments LLC, (a) Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn: Robert T. Schmidt, Esq. (robert.schmidt@hsfkramer.com), Richard E. Farley, Esq. (richard.farley@hsfkramer.com), Andrew Citron, Esq. (Andrew.citron@hsfkramer.com), and Marie Soga, Esq. (marie.soga@hsfkramer.com) and (b) Sills Cummis & Gross P.C., The Legal Center, One Riverfront Plaza, Newark, NJ 07102, Attn: Andrew Sherman, Esq. (asherman@sillscummis.com) and Boris Mankovetskiy, Esq. (bmankovetskiy@sillscummis.com); (v) counsel to FaraNord (US) IV Pte Ltd, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Christopher Marcus, Esq. (cmarcus@kirkland.com), Jordan D. Roberts, Esq. (jordan.roberts@kirkland.com), Jess Lepper, Esq. (jess.lepper@kirkland.com), Charles H. Martin, Esq. (Charles.martin@kirkland.com), and Kelly Meyer, Esq. (kelly.meyer@kirkland.com); and (vi) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran B. Steele (fran.b.steele@usdoj.gov) and David Gerardi (david.gerardi@usdoj.gov).

d.  ***No Objection Timely Filed***. If no objection to the assumption of any Contract is timely filed, the Debtors shall file a proposed Assumption Order under a certificate of no objection. Each Contract listed in the applicable Assumption Notice shall be assumed as of the applicable Assumption Date set forth in the Assumption Notice or such other date as the Debtors and the applicable Assumption Counterparty agree; *provided*, *however*, that the Assumption Date for a lease of nonresidential real property shall not occur earlier than the date the Debtors filed and served the applicable Assumption Notice.

e.  ***Unresolved Timely Objections***. If an objection to an Assumption Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least ten (10) days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties. Such Contract will only be deemed assumed upon entry by the Court of a consensual form of an Assumption Order resolving the objection as between

Page (10)
Debtors:           FRESHREALM, INC., *et al.*
Case No.:          26-14656 (MEH)
Caption of Order:  ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO
                   REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED
                   LEASES AND (II) GRANTING RELATED RELIEF

the objection party and the Debtors or, if resolution is not reached and/or the objection is not withdrawn, upon further order of the Court and shall be assumed as of the applicable Assumption Date set forth in the Assumption Notice or such other date to which the Debtors and the applicable Assumption Counterparty agree, or as ordered by the Court.

f.    ***Removal from Schedule***. The Debtors reserve the right to remove any Contract from the schedule to an Assumption Notice at any time prior to the Assumption Date.

4.    Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of any Contract pursuant to the Assumption Procedures shall (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guaranties of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims and encumbrances that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s) (but only in connection with the assignment by the Debtor to the Assignee)), *provided*, *however*, that any such assignment shall not be free and clear of any accrued but unbilled or not due rent and charges under a lease of nonresidential real property including adjustments, reconciliations and indemnity obligations, liability for which shall be assumed by the Debtors or the applicable Assignee, as agreed by and among the Debtors and the applicable Assignee; and (b) constitute a legal, valid, and effective transfer of such Contract(s) and vest the applicable Assignee

Page (11)
Debtors:          FRESHREALM, INC., *et al.*
Case No.:         26-14656 (MEH)
Caption of Order: ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

with all rights, titles, and interests to the applicable Contracts.[4]  For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

5.      Any assignment to Misfits Markets shall be subject to the provisions of the TSA and any order approving the TSA.

6.      Subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of any Contract, and subject to the other provisions of this Order (including the aforementioned Assumption Procedures), the Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to any Assignees the applicable Contracts, with any applicable Assignee being responsible only for the post-assignment liabilities or defaults under the applicable Contracts except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer any such Contract.

7.      The Debtors' right to assert that any provisions in the Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of such Contract to an Assignee are unenforceable anti-assignment or ipso facto clauses is fully reserved.

8.      The Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contracts arising, accruing, or relating to a period prior to the applicable closing date.

---

[4]   Certain of the Contracts may contain provisions that restrict, prohibit, condition, or limit the assumption and/or assignment of such Contract. The Debtors reserve all rights with respect to the enforceability of such provisions, including the right to argue such clauses are unenforceable.

Page (12)
Debtors:              FRESHREALM, INC., *et al.*
Case No.:             26-14656 (MEH)
Caption of Order:     ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO
                      REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED
                      LEASES AND (II) GRANTING RELATED RELIEF

9.      The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into the consensual amendments as set forth in an Assumption Notice.

10.     Approval of the Rejection Procedures and this Order will not prevent the Debtors from seeking to reject a Contract by separate motion.

11.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

12.     All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert

Page (13)
Debtors:            FRESHREALM, INC., *et al.*
Case No.:           26-14656 (MEH)
Caption of Order:   ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO
                    REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED
                    LEASES AND (II) GRANTING RELATED RELIEF

that any particular Contract is expired or terminated and is no longer an executory contract or

unexpired lease, respectively.

13.    The Debtors are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Order in accordance with the Motion, the Rejection Notices, and the

Assumption Notices.

14.    Notice of the Motion as provided therein shall be deemed good and sufficient notice

of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied

by such notice.

15.    This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

## **Exhibit 1**

**Proposed Rejection Notice**

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Ryan T. Jareck
Daniel J. Harris
Matteo Percontino
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
rjareck@coleschotz.com
dharris@coleschotz.com
mpercontino@coleschotz.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| FRESHREALM, INC., *et al*.,[1] | Case No. 26-14656 (MEH) |
| Debtors. | (Jointly Administered) |

**NOTICE OF REJECTION OF CERTAIN**
**EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

**PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

---

[1]   The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: FreshRealm, Inc. (8505); FreshRealm Holdings, Inc. (1563); IHEC, LLC (8728); FreshRealm HR, LLC (7221); and FreshRealm Texas, LLC (8263). The location of FreshRealm, Inc.'s principal place of business and service address is: 901 W Linden Ave, Linden, NJ 07036.

**PLEASE TAKE NOTICE** that on [_____], 2026 the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors"), approving procedures for the rejection or assumption of executory contracts and unexpired leases and granting related relief [Docket No. •] (the "Procedures Order"), a copy of which is available (a) free of charge upon request to Kroll Restructuring Administration LLC (the notice and claims agent retained in these chapter 11 cases) by visiting the website maintained in these chapter 11 cases at https://restructuring.ra.kroll.com/FreshRealm/; or (b) for a fee via PACER by visiting http://www.njb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 2** attached hereto is hereby rejected effective as of the date (the "Rejection Date") set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases no later than ten (10) days after the date that the Debtors served this Notice and promptly serve such objection on the following parties: (i) the Debtors, FreshRealm, Inc., c/o Kyle Parker (kyle.parker@freshrealm.com); (ii) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn. Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Ryan T. Jareck, Esq. (rjareck@coleschotz.com), Daniel J. Harris, Esq. (dharris@coleschotz.com),

---

[2]   Capitalized terms used and not otherwise defined herein have the meanings given to them in the Motion.

2

and Matteo Percontino, Esq. (mpercontino@coleschotz.com); (iii) counsel to the Official Committee of Unsecured Creditors, Fox Rothschild LLP, 49 Market Street, Morristown, New Jersey 07960, Attn. Joseph J. DiPasquale, Esq. (jdipasquale@foxrothschild.com), Michael R. Herz, Esq. (mherz@foxrothschild.com), and Jesse M. Harris, Esq. (jesseharris@foxrothschild.com); (iv) counsel to Birch Grove Investments LLC, (a) Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn: Robert T. Schmidt, Esq. (robert.schmidt@hsfkramer.com), Richard E. Farley, Esq. (richard.farley@hsfkramer.com), Andrew Citron, Esq. (Andrew.citron@hsfkramer.com), and Marie Soga, Esq. (marie.soga@hsfkramer.com) and (b) Sills Cummis & Gross P.C., The Legal Center, One Riverfront Plaza, Newark, NJ 07102, Attn: Andrew Sherman, Esq. (asherman@sillscummis.com) and Boris Mankovetskiy, Esq. (bmankovetskiy@sillscummis.com); (v) counsel to FaraNord (US) IV Pte Ltd, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Christopher Marcus, Esq. (cmarcus@kirkland.com), Jordan D. Roberts, Esq. (jordan.roberts@kirkland.com), Jess Lepper, Esq. (jess.lepper@kirkland.com), Charles H. Martin, Esq. (Charles.martin@kirkland.com), and Kelly Meyer, Esq. (kelly.meyer@kirkland.com); and (vi) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran B. Steele (fran.b.steele@usdoj.gov) and David Gerardi (david.gerardi@usdoj.gov). Only those responses that are timely filed, served, and received will be considered at any hearing.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the rejection of each Contract shall become effective on the applicable Rejection Date set forth in

3

**Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to such Contract agree.[3]

PLEASE TAKE FURTHER NOTICE that, if an objection to the rejection of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates.  If such objection is overruled or withdrawn, such Contract or Contracts shall be rejected as of the applicable Rejection Date set forth in **Schedule 2** attached hereto or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, the Contract counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contracts otherwise agree.

PLEASE TAKE FURTHER NOTICE that, absent timely objection, any personal property of the Debtors that is listed and described in **Schedule 2** attached hereto shall be deemed abandoned as of the Rejection Date.

PLEASE TAKE FURTHER NOTICE that to the extent you wish to assert a claim with respect to rejection of your Contract or Contracts, you must do so by the later of (a) the claims bar date established in these chapter 11 cases, if any, and (b) 30 days after the later of (i) the date of

---

[3]   An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an objection to the rejection of any other contract or lease listed in this Rejection Notice.  Any objection to the rejection of any particular Contract listed in this Rejection Notice must state with specificity the Contract to which it is directed.  For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order.

4

entry of the Rejection Order approving the rejection of the applicable Contract and (ii) the Rejection Date.

**IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THIS CASE ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.**

Dated:

/s/ DRAFT

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Ryan T. Jareck
Daniel J. Harris
Matteo Percontino
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            rjareck@coleschotz.com
            dharris@coleschotz.com
            mpercontino@coleschotz.com

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

## Schedule 1

**Procedures Order**

## Schedule 2

### Rejected Contracts

| Rejection Counterparty | Description of Contract[1] | Abandoned Property | Rejection Date |
|---|---|---|---|
|  |  |  |  |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

**Exhibit 2**

**Proposed Assumption Notice**

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Ryan T. Jareck
Daniel J. Harris
Matteo Percontino
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
rjareck@coleschotz.com
dharris@coleschotz.com
mpercontino@coleschotz.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| FRESHREALM, INC., *et al*.,[1] | Case No. 26-14656 (MEH) |
| Debtors. | (Jointly Administered) |

**NOTICE OF ASSUMPTION OF CERTAIN**
**EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

**PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

---

[1]   The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: FreshRealm, Inc. (8505); FreshRealm Holdings, Inc. (1563); IHEC, LLC (8728); FreshRealm HR, LLC (7221); and FreshRealm Texas, LLC (8263). The location of FreshRealm, Inc.'s principal place of business and service address is: 901 W Linden Ave, Linden, NJ 07036.

**PLEASE TAKE NOTICE** that on [_____], 2026 the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors"), approving procedures for the rejection or assumption of executory contracts and unexpired leases and granting related relief [Docket No. •] (the "Procedures Order"), a copy of which is available (a) free of charge upon request to Kroll Restructuring Administration LLC (the notice and claims agent retained in these chapter 11 cases) by visiting the website maintained in these chapter 11 cases at https://restructuring.ra.kroll.com/FreshRealm/; or (b) for a fee via PACER by visiting http://www.njb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this notice (this "Assumption Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 2** attached hereto is hereby assumed effective as of the date (the "Assumption Date") set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed assumption of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases no later than ten (10) days after the date that the Debtors served this Notice and promptly serve such objection on the following parties: (i) the Debtors, FreshRealm, Inc., c/o Kyle Parker (kyle.parker@freshrealm.com); (ii) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn. Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Ryan T. Jareck, Esq. (rjareck@coleschotz.com),

---

[2]   Capitalized terms used and not otherwise defined herein have the meanings given to them in the Motion.

2

Daniel J. Harris, Esq. (dharris@coleschotz.com), and Matteo Percontino, Esq. (mpercontino@coleschotz.com); (iii) counsel to the Official Committee of Unsecured Creditors, Fox Rothschild LLP, 49 Market Street, Morristown, New Jersey 07960, Attn. Joseph J. DiPasquale, Esq. (jdipasquale@foxrothschild.com), Michael R. Herz, Esq. (mherz@foxrothschild.com), and Jesse M. Harris, Esq. (jesseharris@foxrothschild.com); (iv) counsel to Birch Grove Investments LLC, (a) Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn: Robert T. Schmidt, Esq. (robert.schmidt@hsfkramer.com), Richard E. Farley, Esq. (richard.farley@hsfkramer.com), Andrew Citron, Esq. (Andrew.citron@hsfkramer.com), and Marie Soga, Esq. (marie.soga@hsfkramer.com) and (b) Sills Cummis & Gross P.C., The Legal Center, One Riverfront Plaza, Newark, NJ 07102, Attn: Andrew Sherman, Esq. (asherman@sillscummis.com) and Boris Mankovetskiy, Esq. (bmankovetskiy@sillscummis.com); (v) counsel to FaraNord (US) IV Pte Ltd, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Christopher Marcus, Esq. (cmarcus@kirkland.com), Jordan D. Roberts, Esq. (jordan.roberts@kirkland.com), Jess Lepper, Esq. (jess.lepper@kirkland.com), Charles H. Martin, Esq. (Charles.martin@kirkland.com), and Kelly Meyer, Esq. (kelly.meyer@kirkland.com); and (vi) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran B. Steele (fran.b.steele@usdoj.gov) and David Gerardi (david.gerardi@usdoj.gov). Only those responses that are timely filed, served, and received will be considered at any hearing.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the assumption of each Contract shall become effective on the applicable Assumption Date set forth

in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to such Contract agree.[3]

**PLEASE TAKE FURTHER NOTICE** that, the proposed cure amount under the Contract is set forth in **Schedule 2** attached hereto. If a written objection to the proposed cure amount is not timely filed, then the cure amount shall be binding on all parties and no amount in excess thereof shall be paid for cure purposes.

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the assumption of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates and shall provide at least ten (10) days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties. If such objection is overruled or withdrawn, such Contract or Contracts shall be assumed as of the Assumption Date set forth in **Schedule 2** attached hereto or such other date as the Debtors and the counterparty or counterparties to such Contract agree.

---

[3]     An objection to the assumption of any particular Contract listed in this Assumption Notice shall not constitute an objection to the assumption of any other contract or lease listed in this Assumption Notice. Any objection to the assumption of any particular Contract listed in this Assumption Notice must state with specificity the Contract to which it is directed. For each particular Contract whose assumption is not timely or properly objected to, such assumption will be effective in accordance with this Assumption Notice and the Order.

4

Dated:

*/s/ DRAFT*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Ryan T. Jareck
Daniel J. Harris
Matteo Percontino
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            rjareck@coleschotz.com
            dharris@coleschotz.com
            mpercontino@coleschotz.com

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

## Schedule 1

**Procedures Order**

**Schedule 2**

**Assumed Contracts**

| Assumption Counterparty | Description of Contract[1] | Assumption Date |
|---|---|---|
|  |  |  |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.