| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in compliance with D.N.J. LBR 9004-1(b)**<br><br>**DLA PIPER LLP (US)**<br>51 John F. Kennedy Parkway<br>Suite 120<br>Short Hills, New Jersey 07078<br>Telephone: (973) 520-2550<br>Stuart M. Brown (NJ 26641988)<br>Email: stuart.brown@us.dlapiper.com<br><br>*Counsel to Scout Cold Storage Lancaster, LP* | |
| In re:<br><br>FRESHREALM, INC., *et al.*[1],<br><br>                       Debtors. | Chapter 11<br><br>Case No. 26-14656 (MEH)<br><br>(Jointly Administered)<br><br>**Related D.I.: 169** |

**LIMITED OBJECTION OF SCOUT COLD STORAGE LANCASTER, LP TO NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Scout Cold Storage Lancaster, LP ("Scout"), by and through its counsel, DLA Piper LLP (US), hereby files this limited objection (the "Limited Objection") to the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [D.I. 169] (the "Assumption Notice"), filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"). In support of this Limited Objection, Scout respectfully states as follows:

---

[1]       The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: FreshRealm, Inc. (8505); FreshRealm Holdings, Inc. (1563); IHEC, LLC (8728); FreshRealm HR, LLC (7221); and FreshRealm Texas, LLC (8263). The location of FreshRealm, Inc.'s principal place of business and service address is: 901 W Linden Ave, Linden, NJ 07036.

## BACKGROUND

1. Scout and Debtor FreshRealm, Inc. are each party to that certain Lease Agreement, dated as of March 23, 2023, for property located at 3301 N. Dallas Ave., Lancaster, Texas 75134 (together with all modifications, amendments, letter agreements, extensions, and other related agreements, the "Lease Agreement"). Specifically, the term Lease Agreement includes the following related documents:[2]

Amendments

- First Amendment to Lease Agreement, dated as of July 12, 2023;
- Second Amendment to Lease Agreement, dated as of January 12, 2024;
- Third Amendment to Lease Agreement, dated as of August 1, 2024; and
- Fourth Amendment to Lease Agreement, dated as of January 24, 2025.

Lease Notices & Letter Agreements

- Letter Agreement: July 27, 2023;
- Lease Notice: August 21, 2023 (Excess estimate);
- Lease Notice: October 31, 2023 (Excess estimate);
- Letter Agreement: December 13, 2023 (Change Order 1);
- Email Notice: December 20, 2024 (re Change Order 1);
- Letter Agreement: January 9, 2024 (Change Order 2);
- Lease Notice: January 23, 2024 (Excess estimate);
- Letter Agreement: February 8, 2024 (Change Order 3);
- Letter Agreement: March 14, 2024 (Change Order 4);
- Lease Notice: March 28, 2024 (Excess estimate);
- Lease Notice: May 13, 2024 (Excess estimate);
- Letter Agreement: June 4, 2024 (Change Order 5);
- Letter Agreement: August 3, 2024 (Change Order 6);
- Lease Notice: November 22, 2024 (Failure to pay November 2024 rent);
- Lease Notice: January 3, 2025 (Excess estimate);
- Lease Notice: January 9, 2025 (Excess estimate);
- Letter Agreement: June 4, 2025 (Floor upgrade work);
- Lease Notice: January 5, 2026 (Failure to pay January 2026 rent);
- Lease Notice: April 7, 2026 (Failure to pay March or April 2026 rent); and

---

[2] Scout believes that the Debtors have copies of each of the listed documents and have not attached such documents to this Limited Objection. However, Scout will make such documents available to the Court, the Office of the United States Trustee, the Official Committee of Unsecured Creditors, or the Debtors, upon reasonable request.

- Lease Notice: April 21, 2026 (Draw on Letter of Credit to cover March and April 2026 rent and demand to replenish the Security Deposit).

Additional Agreements

- Completion Agreement, dated as of June 25, 2025; and
- Subordination, Nondisturbance, and Attornment Agreement, dated as of April 6, 2023.

2. As required by Section 11.2 of the Lease Agreement, FreshRealm, Inc. delivered to Scout as beneficiary the Irrevocable Standby Letter of Credit, dated as of April 19, 2023 (as amended on April 27, 2023 and October 6, 2023, the "Letter of Credit") in the amount of $1,242,075.29.

3. On April 21, 2026, Scout sent a letter to FreshRealm, Inc. noting that Scout still had not received rent payments for the months of March and April 2026. Scout advised that it had exercised its right under Section 11.2 of the Lease Agreement to draw on the Letter of Credit in the amount of $395,273.37 for the unpaid rent and other charges due from FreshRealm, Inc. Scout also advised that, under Section 11.2 of the Lease Agreement, FreshRealm, Inc. was required to replenish the Letter of Credit to its full amount of $1,242,075.29 within ten business days.

4. During such ten business day period, on April 27, 2026 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors did not replenish the Letter of Credit prior to the Petition Date. On or about May 8, 2026, due to the continuing defaults under the Lease Agreement, including, without limitation, defaults under Section 11.2 of the Lease Agreement, Scout drew the remainder of the Letter of Credit. Scout is currently holding the balance of the Letter of Credit proceeds in the amount of $846,801.92, subject to any additional claims to which Scout may be entitled.

5. On May 21, 2026, the Court entered the *Order (I) Approving the Bidding Procedures, (II) Approving the Stalking Horse Bid Protections, (III) Scheduling Bid Deadlines*

3

*and Auction(s), (IV) Approving the Form and Manner of Notice Thereof, (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, and (VI) Granting Related Relief* [D.I. 160] (the "Bidding Procedures Order").

6. In connection with the Bidding Procedures Order, on May 27, 2026, the Debtors filed the Assumption Notice. As set forth below, the Assumption Notice lists the Lease Agreement (including certain of the incorporated amendments and other agreements), and provides for a proposed cure amount of $28,114:

| SCOUT COLD STORAGE LANCASTER, LP | APPROVAL LETTER DATED: 01/23/2024 | FreshRealm, Inc. | 28,114 |
|---|---|---|---|
| | CHANGE ORDER & INVOICE DATED: 03/28/2024 | FreshRealm, Inc. | |
| | CHANGE ORDER 003 DATED: 02/08/2024 | FreshRealm, Inc. | |
| | CHANGE ORDER 004 DATED: 03/14/2024 | FreshRealm, Inc. | |
| | CHANGE ORDER 005 DATED: 06/04/2024 | FreshRealm, Inc. | |
| | CHANGE ORDER 006 DATED: 08/03/2024 | FreshRealm, Inc. | |
| | FIRST AMENDMENT TO LEASE AGREEMENT DATED: 07/12/2023 | FreshRealm, Inc. | |
| | FOURTH AMENDMENT TO LEASE AGREEMENT DATED: 01/24/2025 | FreshRealm, Inc. | |
| | LEASE AGREEMENT DATED: 03/23/2023 | FreshRealm, Inc. | |
| | SECOND AMENDMENT TO LEASE AGREEMENT DATED: 01/12/2024 | FreshRealm, Inc. | |
| | THIRD AMENDMENT TO LEASE AGREEMENT DATED: 08/01/2024 | FreshRealm, Inc. | |

## LIMITED OBJECTION

7. Section 365 of the Bankruptcy Code provides the standard for assuming executory contracts and unexpired leases. A "debtor cannot assume such a contract unless the debtor satisfies several statutory conditions designed to make the non-debtor contracting party whole." *ReGen Capital I, Inc. v. Halperin* (*In re Wireless Data, Inc.*), 547 F.3d 484, 489 (2d Cir. 2008); *see also In re G-I Holdings, Inc.*, 580 B.R. 388 (Bankr. D.N.J. 2018). Specifically, the debtor must "cure the default, or provide adequate assurance that it will promptly cure it." *Id.* This "strives to restore the debtor-creditor relationship . . . to pre-default conditions . . . bringing the contract back into compliance with its terms." *Id.* (internal citations omitted). Debtors must cure all defaults, both prepetition and postpetition, in connection with an assumption. Section 365(b)(1)(A) provides further that "if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease."

8. While Scout does not object generally to the assumption and assignment of the Lease Agreement in connection with the Debtors' proposed sale, the Debtors must (i) assume the full package of agreements comprising the Lease Agreement; and (ii) pay Scout the amount due and owing in cure payments and further satisfy the nonmonetary defaults under the Lease Agreement by restoring the Letter of Credit to at least $1,242,075.29, all subject to any assignee's provision of adequate assurance of its future performance. Through its efforts to reconcile amounts due and owing as of the filing of this Limited Objection, in contrast to the $28,114 listed in the Debtors' Assumption Notice, Scout's books and records reflect only $26,461.11 (without including the amount necessary to restore the Letter of Credit) is owed under the Lease Agreement, which aggregate amount comprises accrued late fees and interest payments as well as other charges due from the tenant. Notwithstanding, additional obligations under the Lease Agreement may accrue and become due and owing as of the closing of any transaction, including amounts that will become due if all such pending obligations are not timely paid when due.

9. Further, assumption of the Lease Agreement is contingent upon the full restoration of the Letter of Credit either directly or indirectly by the Debtors. As noted above, Scout currently holds $846,801.92. Consequently, Scout will work in good faith with the Debtors or the successful bidder, as applicable, to credit such funds against the Debtors' or the successful bidder's requirement to restore the Letter of Credit to its original amount of $1,242,075.29.

**RESERVATION OF RIGHTS**

10. Nothing in this Limited Objection is intended to be, nor shall be deemed or construed to be, a waiver of any rights, claims, or other interests Scout has or may have with respect to the Lease Agreement or other agreements between any of the Debtors and Scout or its affiliates. Scout reserves any and all rights to amend this Limited Objection or to make such other

5

or further objections as may be appropriate to the assumption and assignment of the Lease Agreement or any other Scout-related agreement added to a list of contracts to be assumed and assigned, including, without limitation, with respect to adequate assurance of future performance. Scout further reserves the right to seek payment of any administrative expense claim arising from the Debtors' failure to pay applicable rent and other charges during the course of these chapter 11 cases.

**WHEREFORE**, Scout respectfully requests that this Court deny the motion seeking authority to assume and assign the Lease Agreement unless and until the Debtors cause to be satisfied the payment of all amounts outstanding and the restoration of the Letter of Credit in accordance with the Lease Agreement, as set forth in this Limited Objection, and any amounts owed to Scout under the Lease Agreement that come due and owing during the pendency of these chapter 11 cases, including, without limitation, any fees, accrued interest, attorney's fees, or other charges, and grant such other and further relief as the Court deems just and proper.

Dated: June 5, 2026

/s/ *Stuart M. Brown*
Stuart M. Brown (NJ Bar No. 26641988)
Matthew S. Sarna (*pro hac vice* admission pending)
**DLA Piper LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078
Telephone: (973) 520-2550
Email: stuart.brown@us.dlapiper.com
matthew.sarna@us.dlapiper.com

*Counsel to Scout Cold Storage Lancaster, LP*