UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)
TERESA SADUTTO-CARLEY, ESQ.
GOETZ PLATZER LLP
Attorneys for LEAF Capital Funding, LLC
Four Greentree Centre
601 Route 73 North, Suite 305
Marlton, New Jersey  08053
-and-
1325 Avenue of the Americas, 14th Floor
New York, New York 10019
(212) 593-3000
tsadutto@goetzplatzer.com

In Re:                                                                    Chapter 11

FRESHREALM, INC., et al.,[1]                                  Case No. 26-14656 (MEH)

                                        Debtor.

**LIMITED OBJECTION OF LEAF CAPITAL FUNDING, LLC
TO DEBTORS' PROPOSED ASSUMPTION, ASSIGNMENT AND CURE AMOUNTS**

LEAF CAPITAL FUNDING, LLC ("LEAF"), by its undersigned attorneys, files this Limited Objection (the "Objection") to the proposed assumption, potential assignment and cure amount as set forth in the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 169] (the "Assumption Notice). In support of this Objection, LEAF respectfully states:

1.    On or about April 27, 2026 (the "Petition Date"), FreshRealm, Inc. (the "Debtor") and several of its affiliates filed cases under Chapter 11 of Title 11 of the United States Code with the United States Bankruptcy Court for the District of Delaware.

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number are: FreshRealm, Inc. (8505); FreshRealm Holdings, Inc. (1563); IHEC, LLC (8728); FreshRealm HR, LLC (7221); and FreshRealm Texas, LLC (8263).  The location of FreshRealm, Inc.'s principal place of business and service address is:  901 W Linden Ave, Linden, NJ 07036.

2.      Prior to the Petition Date, on or about September 15, 2022, the Debtor executed that certain *Finance Agreement (*the "Agreement") in favor of International Financial Services Corporation ("IFSC"), for the principal sum of $72,812.50, for the purchase of certain equipment (the "Equipment"), as more fully described in the Agreement annexed hereto as **Exhibit "A"**.

3.      To secure its interest in the Equipment, IFSC filed a UCC-1 financing statement with the State of Delaware.  Annexed hereto as **Exhibit "B"** is a true and complete copy of the UCC-1 financing statement.

4.      In and around January 30, 2023, pursuant to a *Master Broker Agreement*, the Agreement was transferred and assigned to People's Capital and Leasing Corp ("PCLC"). Annexed hereto as **Exhibit "C"** is a true and complete copy of the *Master Broker Agreement* with Exhibits "A" and "B".

5.      In and around January 31, 2023, pursuant to an *Assignment Agreement*, the Agreement was assigned from PCLC to LEAF.  Annexed hereto as **Exhibit "D"** is a true and complete copy of the *Assignment Agreement*.

6.      On May 27, 2026, the Debtor filed the Assumption Notice pursuant to which the Debtor notified IFSC, among others, of its intent to assume and potentially assign certain contracts including the Agreement held by LEAF.

7.      LEAF hereby files this Objection as the Assumption Notice incorrectly identified IFSC as the Contract Counterparty for the Agreement and the Debtor's books and records need to be modified to correct LEAF as the proper Contract Counterparty with respect to the Agreement.

8.      Further, to the extent that the Debtor seeks to assign the Agreement to the Successful Bidder, LEAF requires adequate assurance of future performance from the Successful Bidder with respect to the Agreement.  As the Successful Bidder will not be identified until after the cure objection deadline, LEAF files this Objection out of abundance of caution and to reserve its rights with respect to same.

9.      Moreover, LEAF objects to the cure amount as reflected in the Assumption Notice.  As stated herein, the Debtor, in the Assumption Notice, incorrectly identified IFSC as the Contract Counterparty for the Agreement.  The Debtor does not specifically detail the cure amount for each contract identified for IFSC but rather provides a lump sum amount due as to the cure amount for IFSC.  Specifically, for the Agreement, LEAF is owed **$3,182.88** through June 8, 2026, plus continued monthly obligations thereafter under the Agreement pending assumption as more specifically detailed in Exhibit "A" attached hereto (the "Cure Amount")

**WHEREFORE**, LEAF respectfully requests that: (i) in the event the Agreement is assumed and assigned, that the Debtor be ordered to pay the Cure Amount to LEAF; (ii) that the Debtor, or any Successful Bidder, be required to pay LEAF any additional post-petition obligations and continue to comply with all of the obligations under the Agreement; (iii) that any Successful Bidder be required to provide LEAF with adequate assurance of future performance under the Agreement; and (iv) for such other and further relief as the Court deems just and proper.

Dated: June 8, 2026

**GOETZ PLATZER LLP**
*Attorneys for LEAF Capital Funding, LLC*


By: /s/ Teres Sadutto-Carley
Teresa Sadutto-Carley, Esq.

3