**WOMBLE BOND DICKINSON (US) LLP**
Kevin J. Mangan
1313 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 252-4361
Email: kevin.mangan@wbd-us.com

*Counsel for The Huntington National Bank*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>FRESHREALM, INC., *et al.*,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 26-14656-MEH<br><br>(Jointly Administered)<br><br>**Related Docket No. 169** |

## LIMITED OBJECTION TO THE DEBTORS' NOTICE OF ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

The Huntington National Bank ("Huntington"), a creditor and party-in-interest in the above jointly administered cases, pursuant to section 365 of the Bankruptcy Code, submits this limited objection (this "Limited Objection") to the above-captioned Debtors' (the "Debtors") proposed assumption of a lease with Huntington as set forth in the *Notice of Assumption of Certain Executory Contracts and/or Unexpired Leases* [Docket No. 169] ("the Notice"). In support of this Limited Objection, Huntington respectfully states as follows:

### BACKGROUND

### a.  *The Bankruptcy Case*

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: FreshRealm, Inc. (8505); FreshRealm Holdings, Inc. (1563); IHEC, LLC (8728); FreshRealm HR, LLC (7221); and FreshRealm Texas, LLC (8263). The location of FreshRealm, Inc.'s principal place of business and service address is: 901 W Linden Ave, Linden, NJ 07036.

1.      On April 27, 2026 (the "Petition Date"), the Debtors commenced the above-captioned jointly administered cases (the "Bankruptcy Cases") by filing voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court").

2.      The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

3.      On July 13, 2021 American Packaging Capital, Inc. and FreshRealm, LLC ("FreshRealm"), entered into a lease agreement by which American Packaging Capital, Inc. agreed to lease four (4) Loma X5c X-Ray Systems to FreshRealm (the "Lease"). The lease provided for sixty (60) payments of $4,003.99 with the first payment becoming due on July 13, 2021. A true and accurate copy of the Lease is attached hereto as Exhibit A.

4.      American Packaging Capital, Inc. subsequently assigned all its right, title, and interest in the Lease to Huntington.

5.      On May 27, 2026, Debtors filed the Notice, which included an assumption schedule as "Exhibit A". Exhibit A contains a list of the Debtors' executory contracts and unexpired leases that the Debtors seek to assume, together with proposed cure amounts.

6.      The Assumption Schedule includes the Lease with a corresponding proposed cure amount of $12,412.00 (the "Proposed Cure Amount").

**LIMITED OBJECTION**

7.      To assume an executory contract under section 365, the debtor-in-possession must, at the time of assumption, make the other party to the executory contract whole by curing all material defaults in past performance and by showing that the debtor (or its proposed assignee) can perform under the contract following assumption. *Lifemark Hosp., Inc. v. Liljeberg*

2

*Enters., Inc. (In re Liljeberg Enters., Inc.)*, 304 F.3d 410, 438-39 (5th Cir. 2002); *In re Kemeta, LLC*, 470 B.R. 304,324-25 (Bankr. D. Del. 2012). A debtor must ordinarily cure both monetary and non-monetary defaults in an executory contract. *In re Patriot Place, Ltd.*, 486 B.R. 773, 795 (Bankr. W.D. Tex. 2013).  Defaults need not be present at the time of assumption. *Id.  See also In re Hawkeye Entm't, LLC*, 49 F. 4th 1232, 1237 (9th Cir. 2022); *In re Old Mkt. Grp. Holdings Corp.*, 647 B.R. 104 (Bankr. S.D.N.Y. 2022); *In re Wingspread Corp.,* 116 B.R. 915, 928 (Bankr. S.D.N.Y. 1990).  *See also See, e.g., In the Matter of Thornhill Bros. Fitness, L.L.C.,* 85 F.4th 321 (5th Cir. 2023) (reinforcing "cum onere" principle and holding that "when a trustee relies on § 365(f) to assign an executory contract in bankruptcy, it must assign the contract in whole, not in part.").  The Debtors cannot "keep the wheat and not the chaff." *Id*.

8.      Huntington objects to the Debtors' proposed assumption of the Lease to the extent the Proposed Cure Amount does not accurately reflect the Debtors' outstanding obligations under the Lease as of the effective date of the proposed assumption.

9.      Section 365(b)(1) of the Bankruptcy Code provides that the debtor may not assume an executory contract on which there has been a default unless the debtor 1) cures the default or provides adequate assurance that the default will be promptly cured; 2) compensates or provides adequate assurance that the debtor will promptly compensate for pecuniary loss resulting from the default, and 3) provide adequate assurance of future performance under the contract or lease. 11 U.S.C. § 365(f)(2)(B); *In re FPSDA I, LLC*, 450 B.R. 392, 398 (Bankr. E.D.N.Y 2011). *See also In re Carlisle Homes, Inc.*, 103 B.R. 524, 538 (Bankr. D.N.J. 1998).

10.      Huntington requests the inclusion of the following language in an order approving the assumption/assignment of the Contracts as a condition for the Debtors' assumption of the Lease:

3

As of May 31, 2026, and notwithstanding anything to the contrary set forth in the *Notice of Assumption of Certain Executory Contracts and/or Unexpired Leases* (as may be amended or updated from time to time, the "Notice") [Docket No. 169], the Debtors owe no less than $20,019.95 (the "Cure Amount") to The Huntington National Bank ("Huntington") on account of certain lease agreement dated July 13, 2021 between FreshRealm, LLC and Huntington. The Debtors or the Purchaser, as applicable, shall remit the entirety of the Cure Amount plus any lease payments that accrue after May 31, 2026 to Huntington simultaneously with the assumption/assignment of the Lease.

## RESERVATION OF RIGHTS

11.     Huntington reserves all rights as to the Debtors' proposed assumption of the Lease, and any other lease(s) between the parties that Debtors may propose to assume and assign, and Huntington reserves the right to amend, modify, or supplement this Limited Objection. Nothing in this Limited Objection constitutes a waiver by Huntington of its rights under the Bankruptcy Code and Rules, or applicable non-bankruptcy law, or any of Huntington's procedural, substantive, or other rights, privileges, and remedies in connection with the Lease, all of which are reserved. Further, nothing herein shall be deemed a concession by Huntington that the Lease is unexpired under section 365 of the Bankruptcy Code.

## CONCLUSION

12.     Huntington objects to the assumption of the Contracts unless its concerns identified herein are properly addressed.

Dated: June 8, 2026

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Kevin J. Mangan
Kevin J. Mangan
1313 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 252-4361
Email: kevin.mangan@wbd-us.com

*Counsel* for *The Huntington National Bank*

4

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, of Womble Bond Dickinson (US) LLP, hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, the foregoing Motion for Relief from Automatic Stay was served by electronic means through the Court's CM/ECF service on:

Cole Schotz
P.C. Court Plaza North
25 Main Street
Hackensack, NJ 07601
Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com)
Warren A. Usatine, Esq. (wusatine@coleschotz.com)
Ryan T. Jareck, Esq. (rjareck@coleschotz.com)
Daniel J. Harris, Esq. (dharris@coleschotz.com)
Matteo Percontino, Esq. (mpercontino@coleschotz.com)
*Attorneys for Debtor*

Herbert Smith Freehills Kramer (US) LLP
1177 Avenue of the Americas
New York, NY 10036
Attn. Richard E. Farley (Richard.Farley@hsfkramer.com)
Mark P. Ramsey (Mark.Ramsey@hsfkramer.com)
Robert T. Schmidt (Robert.Schmidt@hsfkramer.com)
Andrew J. Citron (Andrew.Citron@hsfkramer.com)

Sills Cummis & Gross P.C.
The Legal Center, One Riverfront Plaza
Newark, NJ 07102
Attn. Andrew H. Sherman (ASherman@sillscummis.com)
Boris I. Mankovetskiy (BMankovetskiy@sillscummis.com)
*Attorneys for BGC*

Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
Attn: Christopher Marcus, Esq. (cmarcus@kirkland.com)
Jordan D. Roberts, Esq. (jordan.roberts@kirkland.com)
Jess Lepper, Esq. (jess.lepper@kirkland.com)
Charles H. Martin, Esq. (Charles.martin@kirkland.com)
Kelly Meyer, Esq. (Kelly.meyer@kirkland.com)

*Attorneys for FaraNord (US) IV Pte Ltd*

Fox Rothschild LLP
49 Market Street
Morristown, NJ 07960
Attn: Joseph DiPasquale, Esq. (jdipasquale@foxrothschild.com)
Michael Herz, Esq. (mherz@foxrothschild.com)
Jesse Harris, Esq. (jesseharris@foxrothschild.com)
William Stassen, Esq. (wstassen@foxrothschild.com)
*Attorneys for the Committee*


Dated: June 8, 2026                    **WOMBLE BOND DICKINSON (US) LLP**

                                       /s/ Kevin J. Mangan
                                       Kevin J. Mangan
                                       1313 North Market Street, Suite 1200
                                       Wilmington, DE 19801
                                       Telephone: (302) 252-4361
                                       Email: kevin.mangan@wbd-us.com

                                       *Counsel* for *The Huntington National Bank*

WBD (US) 4910-3982-0723v2-Huntington - FreshRealm - Limited Objection (Cure Amount)
4910-3982-0723, v. 2