**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Ryan T. Jareck
Daniel J. Harris
Matteo Percontino
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
rjareck@coleschotz.com
dharris@coleschotz.com
mpercontino@coleschotz.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**Order Filed on June 18, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>FRESHREALM, INC., *et al.*,[1]<br><br>                  Debtors. | Chapter 11<br><br>Case No. 26-14656 (MEH)<br><br>(Jointly Administered) |

**ORDER (I) SETTING BAR DATES FOR**
**SUBMITTING PROOFS OF CLAIM, INCLUDING**
**REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9),**
**(II) ESTABLISHING AMENDED SCHEDULES BAR DATE AND**
**REJECTION DAMAGES BAR DATE, (III) APPROVING THE FORM,**
**MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV)**
**APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through fourteen (14), is

**ORDERED**.

        **DATED: June 18, 2026**

Honorable Mark E. Hall
United States Bankruptcy Judge

---

[1]   The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: FreshRealm, Inc. (8505); FreshRealm Holdings, Inc. (1563); IHEC, LLC (8728); FreshRealm HR, LLC (7221); and FreshRealm Texas, LLC (8263). The location of FreshRealm, Inc.'s principal place of business and service address is: 901 W Linden Ave, Linden, NJ 07036.

1

(Page | 2)

| | |
|---|---|
| Debtor: | FreshRealm Inc., *et al.* |
| Case No. | 26-14656 (MEH) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

Upon the Debtors' *Motion for Entry of an Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief* (the "Motion")[1] for entry of an order (this "Order") (a) setting Bar Dates for creditors to submit Proofs of Claim in these Chapter 11 Cases, (b) approving the procedures described herein for submitting Proofs of Claim in these Chapter 11 Cases and the form of Proof of Claim attached hereto as **Exhibit 1**, (c) approving the forms and manner of service of the notice of the Bar Dates, substantially in the form attached hereto as **Exhibit 2** (the "Bar Date Notice"), including the publication version of the Bar Date Notice, substantially in the form attached hereto as **Exhibit 3**, and allowing for publication notice as described in the Motion, and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth

---

[1] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 3)

| | |
|---|---|
| Debtor: | FreshRealm Inc., *et al.* |
| Case No. | 26-14656 (MEH) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED as set forth herein.

2.      Except as otherwise provided herein and notwithstanding Local Rule 3003-1, all Persons and Entities including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, that assert a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose before the Petition Date, including Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim"), shall submit a written proof of such Claim so that it is *actually received* by Kroll Restructuring Administration LLC ("Kroll" or the "Notice and Claims Agent") before **5:00 p.m., prevailing Eastern Time, on July 27, 2026** (the "General Claims Bar Date"), in accordance with this Order.

3.      Notwithstanding any other provision of this Order, Proofs of Claim submitted by Governmental Units (as defined in section 101(27) of the Bankruptcy Code) must be submitted so as to be *actually received* by the Notice and Claims Agent before **5:00 p.m., prevailing Eastern Time, on October 26, 2026** (the "**Governmental Bar Date**").

4.      Any Person or Entity that holds a Claim arising from the rejection of an executory contract or unexpired lease (each such party, a "**Rejection Counterparty**" and collectively, "**Rejection Counterparties**") must submit a Proof of Claim based on such rejection on or before the later of (a) the applicable Bar Date and (b) any date this Court may fix in the applicable order

(Page | 4)

| | |
|---|---|
| Debtor: | FreshRealm Inc., *et al.* |
| Case No. | 26-14656 (MEH) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

authorizing such rejection and, if no such date is provided, thirty (30) calendar days from the date of entry of such order, unless otherwise ordered by the Court (the "Rejection Damages Bar Date"). The Debtors will provide notice of the Rejection Damages Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject such executory contract or unexpired lease.  For the avoidance of doubt, counterparties to executory contracts or unexpired leases of non-residential real property shall not be required to file prepetition general unsecured claims against the Debtors unless and until the applicable contract or lease is rejected by the Debtors.

5.      Unless otherwise agreed to by the Debtors, in the event the Debtors amend or supplement their Schedules, the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders must submit their Claims by the later of (a) the applicable Bar Date and (b) **5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) calendar days** after such Person or Entity is served with notice that the Debtors have amended their Schedules in a manner that affects such Person or Entity (any such date, the "Amended Schedules Bar Date").

6.      In accordance with Bankruptcy Rule 3003(c)(2), any holder of a Claim that is not excepted from the requirements of this Order and fails to timely submit a Proof of Claim in the appropriate form shall be forever barred, estopped, and enjoined from (a) voting on any chapter 11 plan filed in these Chapter 11 Cases on account of such Claim, (b) participating in any distribution

(Page | 5)
Debtor:                 FreshRealm Inc., *et al.*
Case No.                26-14656 (MEH)
Caption of Order:       Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including
                        Requests for Payment Under Section 503(b)(9), (II) Establishing Amended
                        Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the
                        Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving
                        Notice Thereof, and (V) Granting Related Relief

in these Chapter 11 Cases on account of such Claim, and (c) receiving further notices regarding

such Claim.

7.      The following procedures for the submission of Proofs of Claim asserting Claims

against the Debtors in these Chapter 11 Cases shall apply:

(a)     ***Contents***.  Each Proof of Claim must:  (i) be written in English; (ii) be
        denominated in U.S. Dollars; (iii) conform substantially with a Proof of
        Claim Form provided by the Debtors or the Official Form 410; and (iv) be
        signed or electronically transmitted through the interface available on
        Kroll's website, at https://restructuring.ra.kroll.com/FreshRealm/, by the
        claimant or by an authorized agent or legal representative of the claimant;

(b)     ***Receipt of Service***.  Claimants submitting a Proof of Claim through
        non-electronic means who wish to receive a proof of receipt of their
        Proofs of Claim from the Notice and Claims Agent must also include with
        their Proof of Claim a copy of their Proof of Claim and a self-addressed,
        stamped envelope;

(c)     ***Supporting Documentation***.  Each Proof of Claim must include supporting
        documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).
        If, however, such documentation is voluminous, upon prior written consent
        (which may be an email) of the Debtors' counsel, which consent shall not
        be unreasonably withheld, such Proof of Claim may include a summary of
        such documentation or an explanation as to why such documentation is not
        available; *provided* that any creditor that received such written consent shall
        be required to transmit such supporting documentation to Debtors' counsel
        upon written request no later than ten (10) business days from the date of
        such request; *provided, further* that failure to provide such supporting
        documentation within ten (10) business days may result in an objection to
        such Claim;

(d)     ***Section 503(b)(9) Claim***.  In addition to the requirements set forth above,
        any Proof of Claim asserting a 503(b)(9) Claim must also:  (i) include the
        value of the goods delivered to and received by the Debtors in the
        twenty (20) days prior to the Petition Date; (ii) attach any documentation
        identifying the particular invoices for which the 503(b)(9) Claim is being

(Page | 6)

| | |
|---|---|
| Debtor: | FreshRealm Inc., *et al.* |
| Case No. | 26-14656 (MEH) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

---

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL, BY HAND DELIVERY, OR THROUGH KROLL'S WEBSITE.**

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR EMAIL WILL NOT BE ACCEPTED AND WILL NOT BE DEEMED TIMELY SUBMITTED.**

---

8.     Persons or Entities need *not* submit a Proof of Claim on behalf of a Claim in these Chapter 11 Cases on or prior to the applicable Bar Date if the Claim falls into one of the following categories:

(a)     any Claim that has already been asserted in a Proof of Claim against the Debtors with the Notice and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 (unless such Person or Entity wishes to assert a Claim against a Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

(b)     any Claim that is listed on the Schedules filed by the Debtors, *provided* that (i) the Claim is *not* scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

(c)     any Claim that has previously been allowed by order of this Court;

(d)     any Claim that has already been paid in full by any of the Debtors;

(e)     any Claim for which a different deadline has previously been fixed by this Court;

(f)     any Person or Entity that holds an equity interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, warrants, options, or

(Page | 7)

| | |
|---|---|
| Debtor: | FreshRealm Inc., *et al.* |
| Case No. | 26-14656 (MEH) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

rights of purchase, or who sell or subscribe to such a security or interest; *provided* that any holder of an equity interest in the Debtors who wishes to assert a Claim (as opposed to an ownership interest) against a Debtor (including a Claim relating to such equity interest or the purchase or sale of such equity interest), must file a Proof of Claim on or before the applicable Bar Date;

(g)    any Claim held by a current employee of the Debtors if an order of the Court authorizes the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; *provided, however*, that a current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

(h)    any Professional Compensation Claim;[2]

(i)    any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

(j)    any holder of a Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense, except that any holder of a 503(b)(9) Claim must file a Proof of Claim on or before the General Claims Bar Date;

(k)    any Person or Entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases, including the DIP Agent, the DIP Lenders, the Prepetition Agents, and the Prepetition Secured Parties, each as defined pursuant to the *Interim Order (I) Authorizing the*

---

[2]    "Professional Compensation Claims" means, at any given moment, all Claims for accrued fees and expenses (including success fees) for services rendered by a Professional (as defined herein) through and including the effective date of any confirmed chapter 11 plan, to the extent such fees and expenses have not been paid pursuant to any other order of the Court and regardless of whether a fee application has been filed for such fees and expenses. To the extent the Court denies or reduces by a final order any amount of a Professional's fees or expenses, then the amount by which such fees or expenses are reduced or denied shall reduce the applicable Professional Compensation Claim.

"Professional" means an Entity: (a) employed pursuant to a Bankruptcy Court order in accordance with sections 327, 363, or 1103 of the Bankruptcy Code and to be compensated for services rendered prior to or on the Confirmation Date, pursuant to sections 327, 328, 329, 330, 331, and 363 of the Bankruptcy Code; or (b) awarded compensation and reimbursement by the Bankruptcy Court pursuant to section 503(b)(4) of the Bankruptcy Code.

(Page | 8)

Debtor:                    FreshRealm Inc., *et al.*
Case No.                   26-14656 (MEH)
Caption of Order:          Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including
                           Requests for Payment Under Section 503(b)(9), (II) Establishing Amended
                           Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the
                           Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving
                           Notice Thereof, and (V) Granting Related Relief

*Debtors to (A) Obtain Postpetition Financing, and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 51] (the "Interim DIP Order," and any amended order entered by the Court in respect thereof);

(l)     any Claim held by a Debtor against another Debtor; and

(m)     any Claim held by any Person or Entity solely against a non-Debtor entity.

9.      Notwithstanding anything to the contrary in this Order and except as otherwise provided in the Interim DIP Order, [3] each of the Prepetition Agents and the DIP Agents (collectively, the "Secured Debt Agents") and the Prepetition Secured Parties and the DIP Lenders shall be authorized, but not required, to, in their sole and absolute discretion, file a single Master Proof of Claim with respect to all claims relating to or arising out of the applicable Prepetition Obligations and DIP Obligations, which, if filed, shall be deemed filed not only in the above-captioned lead case, but also in the Chapter 11 Case of each of the Debtors.  The filing of such Master Proof of Claim shall have the same effect as if each applicable holder of a claim under the applicable Prepetition Documents or DIP Documents had individually filed a Proof of Claim against each of the Debtors on account of such holder's claims. The Master Proofs of Claim shall not be required to identify whether any Prepetition Secured Party or DIP Secured Party, as applicable, acquired its claim from another party and the identity of any such party or to be amended to reflect a change in the holders of the claims set forth therein or a reallocation among

---

[3]   All capitalized terms used but not otherwise defined in this paragraph [9] shall have the meanings ascribed to them in the Interim DIP Order.

(Page | 9)
Debtor:            FreshRealm Inc., *et al.*
Case No.           26-14656 (MEH)
Caption of Order:  Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including
                   Requests for Payment Under Section 503(b)(9), (II) Establishing Amended
                   Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the
                   Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving
                   Notice Thereof, and (V) Granting Related Relief

the holders of the claims asserted therein resulting from the transfer of all or any portion of such Claims. The provisions of this paragraph and each Master Proof of Claim are intended solely for the purpose of administrative convenience and shall not affect (a) the right of each Prepetition Secured Party (or its successors in interest) to vote separately on any plan proposed in these Chapter 11 Cases, (b) the Prepetition Secured Parties and the DIP Secured Parties' exemption from filing Proofs of Claim under the Interim DIP Order or otherwise, or (c) any other rights of the Prepetition Secured Parties and DIP Secured Parties under the Interim DIP Order or otherwise. The Secured Debt Agents, the Prepetition Secured Parties, and the DIP Lenders shall not be required to file with Master Proofs of Claim any instruments, agreements or other documents evidencing the obligations referenced in such Master Proof of Claim, which instruments, agreements or other documents will be provided upon written request to counsel for such Secured Debt Agent, the Prepetition Secured Parties, and the DIP Lenders, as applicable.

10.    Nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules.

11.    The Proof of Claim Form, substantially in the forms attached to this Order as **Exhibit 1**, and the Bar Date Notice, substantially in the form attached to this Order as **Exhibit 2**, are hereby approved.

12.    No later than five (5) business days following entry of this Order, the Debtors shall cause the Bar Date Notice and the Proof of Claim Form, substantially in the form annexed as

(Page | 10)

| | |
|---|---|
| Debtor: | FreshRealm Inc., *et al.* |
| Case No. | 26-14656 (MEH) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

**Exhibit 3** to the Order to be served within by email and/or first-class mail with postage prepaid, as applicable, in accordance with the Case Management Procedures, on:

(a)     the Master Service List (as defined in the Case Management Procedures);

(b)     the Committee;

(c)     all known creditors and other known holders of potential Claims against the Debtors as of the date of entry of the Order, including all Persons or Entities listed in the Schedules for which the Debtors have mailing addresses or email addresses;

(d)     all Entities that have filed Proofs of Claim in these Chapter 11 Cases as of the date of entry of the Order;

(e)     all known equity and interest holders of the Debtors as of the date of entry of the Order;

(f)     all Entities who are party to executory contracts and unexpired leases with the Debtors;

(g)     all Entities who are party to litigation with the Debtors;

(h)     all current and certain former employees (to the extent that contact information for former employees is available in the Debtors' records);

(i)     all regulatory authorities that regulate the Debtors' businesses, including consumer protection, environmental, and permitting authorities; and

(j)     all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

13.     After the initial emailing and mailing of the Bar Date Notice and Proof of Claim Form, the Debtors shall, to the extent the Debtors have alternative contact information for the claimant, make supplemental mailings of notices, including in the event that:

(Page | 11)

| | |
|---|---|
| Debtor: | FreshRealm Inc., *et al.* |
| Case No. | 26-14656 (MEH) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

(a) notices are returned by the post office with forwarding addresses;[4] (b) notices served by email are confirmed to be undeliverable; (c) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity or interest holders) decline to distribute notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (d) additional potential claimants or parties in interest become known to the Debtors. In this regard, the Debtors may make supplemental mailings of the Bar Date Notices and Proof of Claim Form in these and similar circumstances at any time up to seven (7) days in advance of the applicable Bar Date, with any such mailings being deemed timely and the appropriate Bar Date being applicable to the recipient creditors, and such claimants shall submit their Claims by the later of (i) the applicable Bar Date, or (ii) on the date that is thirty (30) calendar days after such person or entity is re-served with the Bar Date Notice and Proof of Claim Forms.

---

[4] To the extent that any notices are returned as "returned to sender" without a forwarding address the Debtors shall not be required to mail additional notices to such creditors.

(Page | 12)

| | |
|---|---|
| Debtor: | FreshRealm Inc., *et al.* |
| Case No. | 26-14656 (MEH) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

14. Pursuant to Bankruptcy Rules 2002(f) and 2002(*l*), the Debtors shall publish a form of the Bar Date Notice (modified as necessary), substantially in the form annexed as **Exhibit 3** to the Order, on one occasion in either the national edition of *The New York Times* and any such other publication that the Debtors deem appropriate no later than twenty-eight (28) days before the General Claims Bar Date.

15. Any Person or Entity who desires to rely on the Schedules will have the responsibility for determining that such Person's or Entity's Claim is accurately listed in the Schedules.

16. Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of Claims or interests not subject to the General Claims Bar Date established herein must submit such Proofs of Claim or interest or be barred from doing so.

17. Notwithstanding anything to the contrary in this Order or any actions taken pursuant to such relief, nothing in this Order is intended or should be construed as (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or

(Page | 13)
Debtor:              FreshRealm Inc., *et al.*
Case No.             26-14656 (MEH)
Caption of Order:    Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including
                     Requests for Payment Under Section 503(b)(9), (II) Establishing Amended
                     Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the
                     Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving
                     Notice Thereof, and (V) Granting Related Relief

reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

18.    The Debtors and the Notice and Claims Agent are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

19.    Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

20.    Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the General Claims Bar Date established herein must submit such Proofs of Claim or interest or be barred from doing so.

(Page | 14)

| | |
|---|---|
| Debtor: | FreshRealm Inc., *et al.* |
| Case No. | 26-14656 (MEH) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

21.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

22.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>Exhibit 1</u>**

**Proof of Claim Form**

**United States Bankruptcy Court for the District of New Jersey**

| Fill in this information to identify the case (Select only one Debtor per claim form): | |
|---|---|
| ☐ FreshRealm, Inc. (Case No. 26-14656) | ☐ FreshRealm Holdings, Inc. (Case No. 26-14658) |
| ☐ FreshRealm HR, LLC (Case No. 26-14659) | ☐ FreshRealm Texas, LLC (Case No. 26-14662) |
| ☐ IHEC, LLC (Case No. 26-14663) | |

Modified Official Form 410

# Proof of Claim

04/25

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:    Identify the Claim

**1. Who is the current creditor?**

_____
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| _____<br>Name | _____<br>Name |
| _____<br>Number        Street | _____<br>Number        Street |
| _____<br>City            State        ZIP Code | _____<br>City            State        ZIP Code |
| Contact phone _____ | Contact phone _____ |
| Contact email _____ | Contact email _____ |

Uniform claim identifier (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.   Claim number on court claims registry (if known)_____        Filed on _____
                                                                                                            MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

❑ No

❑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$_____. **Does this amount include interest or other charges?**

❑ No

❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

❑ No

❑ Yes. The claim is secured by a lien on property.

**Nature of property:**

❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

❑ Motor vehicle

❑ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

❑ Fixed

❑ Variable

**10. Is this claim based on a lease?**

❑ No

❑ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

❑ No

❑ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No | |
|---|---|---|
| | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(____) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment. | |

| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No | |
|---|---|---|
| | ☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐   I am the creditor.

☐   I am the creditor's attorney or authorized agent.

☐   I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐   I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
MM / DD / YYYY

_____
Signature

**Name of the person who is completing and signing this claim:**

Name  _____
First name          Middle name          Last name

Title  _____

Company  _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
Number      Street

_____
City                          State      ZIP Code

Contact phone  _____          Email  _____

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                12/24

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.** 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/FreshRealm.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. § 503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier**: An optional 24-character identifier that some creditors use to facilitate payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

If by first class mail:
FreshRealm, Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

If by overnight courier or hand delivery:
FreshRealm, Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

You may also file your claim electronically at
https://restructuring.ra.kroll.com/FreshRealm/EPOC-Index

**Do not file these instructions with your form**

## Exhibit 2

**Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| FRESHREALM, INC., *et al.*,[1] | Case No. 26-14656 (MEH) |
| Debtors. | (Jointly Administered) |

**TO:    ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE DEBTORS**

The United States Bankruptcy Court for the District of New Jersey (the "Court") has entered an order (the "Bar Date Order") establishing **5:00 p.m., prevailing Eastern Time, on July 27, 2026** (the "General Claims Bar Date"), as the last date for each Person or Entity[2] (including individuals, partnerships, corporations, joint ventures, and trusts) to submit proofs of claim (each, a "Proof of Claim") against the estates of the above-captioned debtors and debtors in possession (the "Debtors").

Except for those holders of the Claims (as defined herein) listed below under "Claims for Which Proofs of Claim Need Not be Filed" that are specifically excluded from the General Claims Bar Date submission requirement, the General Claims Bar Date, the Rejection Damages Bar Date, the Supplemental Bar Date, and the Governmental Bar Date (each as defined herein and collectively, the "**Bar Dates**") and the procedures set forth below for submitting Proofs of Claim apply to all Claims against the Debtors that arose prior to April 27, 2026 (the "Petition Date"), the date on which the Debtors commenced cases under chapter 11 of the United States Bankruptcy Code, including Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim**"**).

In addition, Governmental Units have until **5:00 p.m., prevailing Eastern Time, on October 26, 2026** (the date that is the one-hundred and eighty (180) days after the Petition Date) (the "**Governmental Bar Date**"), to submit Proofs of Claim.

> **A holder of a possible Claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should submit a Proof of Claim.**

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: FreshRealm, Inc. (8505); FreshRealm Holdings, Inc. (1563); IHEC, LLC (8728); FreshRealm HR, LLC (7221); and FreshRealm Texas, LLC (8263). The location of FreshRealm, Inc.'s principal place of business and service address is: 901 W Linden Ave, Linden, NJ 07036.

[2]    Except as otherwise defined herein, all terms specifically defined in title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") shall have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein:  (a) the term "Entity" (including individuals, partnerships, corporations, joint ventures, and trusts) has the meaning given to it in section 101(15) of the Bankruptcy Code; (b) the term "Governmental Unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (c) the term "Person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

## Who Must Submit a Proof of Claim

You <u>MUST</u> submit a Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' estates if you have a Claim that arose before the Petition Date and it is **not** one of the types of Claims described under the heading "Claims for Which Proofs of Claim Need Not Be Filed" below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be submitted on or prior to the applicable Bar Date, even if such Claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, "<u>Claim</u>" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## What to Submit

The Debtors are enclosing a Proof of Claim form for use in this case.  You may utilize the Proof of Claim Form(s) provided by the Debtors to submit your Claim.

Your Proof of Claim Form must **NOT** contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

Additional Proof of Claim Forms may be obtained by contacting the Debtors' notice and claims agent, Kroll Restructuring Administration LLC ("<u>Kroll</u>" or the "<u>Notice and Claims Agent</u>"), by calling (888) 454-0938 (toll free) for callers in the United States and Canada or by calling +1 (646) 452-8302 for international callers, and/or visiting the Debtors' restructuring website at: https://restructuring.ra.kroll.com/FreshRealm/.

The following procedures for the submission of Proofs of Claim against the Debtors in these Chapter 11 Cases shall apply:

(a)     ***Contents***.  Each Proof of Claim must:  (i) be written in English; (ii) be denominated in U.S. Dollars; (iii) conform substantially with a Proof of Claim Form provided by the Debtors or the Official Form 410; and (iv) be signed or electronically transmitted through the interface available on Kroll's website, at https://restructuring.ra.kroll.com/FreshRealm/, by the claimant or by an authorized agent or legal representative of the claimant;

(b)     ***Receipt of Service***.  Claimants submitting a Proof of Claim through non-electronic means who wish to receive a proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope;

2

(c) **_Supporting Documentation_**. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, upon prior written consent (which may be an email) of the Debtors' counsel, which consent shall not be unreasonably withheld, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; _provided_ that any creditor that received such written consent shall be required to transmit such supporting documentation to Debtors' counsel upon written request no later than ten (10) business days from the date of such request; _provided, further_ that failure to provide such supporting documentation within ten (10) business days may result in an objection to such Claim;

(d) **_Section 503(b)(9) Claim_**. In addition to the requirements set forth above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

<u>**When and Where to Submit**</u>

Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent **_actually receives_** the Proof of Claim on or before the applicable Bar Date by: (i) electronically using the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/FreshRealm/, or (ii) by first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an **_original_** signature, at the following addresses:

**If by First-Class U.S. Mail:**

**FreshRealm, Inc. Claims Processing Center**
**c/o Kroll Restructuring Administration LLC**
**Grand Central Station, PO Box 4850**
**New York, NY 10163-4850**

**If by Overnight Courier or Hand Delivery Mailing:**

**FreshRealm Inc., et al. Claims Processing**
**c/o Kroll Restructuring Administration, LLC**
**850 3rd Avenue, Suite 412**
**Brooklyn, NY 11232**

3

> **PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL,
> BY HAND DELIVERY, OR THROUGH KROLL'S WEBSITE.**
>
> **PROOFS OF CLAIM
> SUBMITTED BY FACSIMILE OR EMAIL WILL <u>NOT</u> BE
> ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

## Claims for Which Proofs of Claim Need Not Be Filed

Persons or Entities need *not* submit a Proof of Claim on behalf of a Claim in these Chapter 11 Cases on or prior to the applicable Bar Date if the Claim falls into one of the following categories:

(a)   any Claim that has already been asserted in a Proof of Claim against the Debtors with the Notice and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 (unless such Person or Entity wishes to assert a Claim against a Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

(b)   any Claim that is listed on the Schedules filed by the Debtors, *provided* that (i) the Claim is *not* scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

(c)   any Claim that has previously been allowed by order of this Court;

(d)   any Claim that has already been paid in full by any of the Debtors;

(e)   any Claim for which a different deadline has previously been fixed by this Court;

(f)   any Person or Entity that holds an equity interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, warrants, options, or rights of purchase, or who sell or subscribe to such a security or interest; *provided* that any holder of an equity interest in the Debtors who wishes to assert a Claim (as opposed to an ownership interest) against a Debtor (including a Claim relating to such equity interest or the purchase or sale of such equity interest), must file a Proof of Claim on or before the applicable Bar Date;

(g)   any Claim held by a current employee of the Debtors if an order of the Court authorizes the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; *provided, however*, that a current or former employee must submit a Proof of Claim by the General

4

Claims Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

(h)     any Professional Compensation Claim;[3]

(i)     any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

(j)     any holder of a Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense, except that any holder of a 503(b)(9) Claim must file a Proof of Claim on or before the General Claims Bar Date;

(k)     any Person or Entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases, including the DIP Agent, the DIP Lenders, the Prepetition Agents, and the Prepetition Secured Parties, each as defined pursuant to the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 51] (the "Interim DIP Order," and any amended order entered by the Court in respect thereof)any Claim held by a Debtor against another Debtor;

(l)     any Claim held by a Debtor against another Debtor; and

(m)     any Claim held by any Person or Entity solely against a non-Debtor entity.

---

> THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTORS BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE DEBTORS. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE ANY CLAIM.

---

[3] "Professional Compensation Claims" means, at any given moment, all Claims for accrued fees and expenses (including success fees) for services rendered by a Professional (as defined herein) through and including the effective date of any confirmed chapter 11 plan, to the extent such fees and expenses have not been paid pursuant to any other order of the Court and regardless of whether a fee application has been filed for such fees and expenses. To the extent the Court denies or reduces by a final order any amount of a Professional's fees or expenses, then the amount by which such fees or expenses are reduced or denied shall reduce the applicable Professional Compensation Claim.

"Professional" means an Entity: (a) employed pursuant to a Bankruptcy Court order in accordance with sections 327, 363, or 1103 of the Bankruptcy Code and to be compensated for services rendered prior to or on the Confirmation Date, pursuant to sections 327, 328, 329, 330, 331, and 363 of the Bankruptcy Code; or (b) awarded compensation and reimbursement by the Bankruptcy Court pursuant to section 503(b)(4) of the Bankruptcy Code.

5

## Executory Contracts and Unexpired Leases

If you have a Claim arising from the rejection of an executory contract or unexpired lease, you must submit your Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease (the "**Rejection Damages Bar Date**").  The Debtors will provide notice of the Rejection Damages Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease.  For the avoidance of doubt, counterparties to executory contracts and unexpired leases of non-residential real property shall not be required to file prepetition general unsecured claims against the Debtors unless and until the applicable contract or lease is rejected by the Debtors.

## Amended Schedules Bar Date

In the event the Debtors amend or supplement their Schedules, the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall submit their Claims by the later of (a) the applicable Bar Date and (b) 5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) calendar days after such person or entity is served with notice that the Debtors have amended their Schedules in a manner that affects such Person or Entity (any such date, the "**Amended Schedules Bar Date**").

## The Debtors' Schedules and Access Thereto

You may be listed as the holder of a Claim against the Debtors in the Debtors' Schedules.

Copies of the Debtors' Schedules are available:  (a) from the Notice and Claims Agent by calling (888) 454-0938 (toll free) for callers in the United States and Canada or by calling +1 (646) 452-8302 for international callers, and/or visiting the Debtors' restructuring website at: https://restructuring.ra.kroll.com/FreshRealm/; (b) by written request to Debtors' counsel at the address and telephone number set forth below; and/or (c) for inspection on the Court's Internet Website at http://ecf.njb.uscourts.gov.  A login and password to the Court's Public Access to Electronic Court Records are required to access this information and can be obtained at http://www.pacer.psc.uscourts.gov.  Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday, at the Office of the Clerk of the Court at Martin Luther King, Jr. Federal Building, 50 Walnut Street, Newark, NJ 07102.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the Claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount, and classification of your Claim as listed in the Debtors' Schedules and if your Claim is **not** described as "disputed," "contingent," or "unliquidated," **you need not submit a Proof of Claim**.  Otherwise, or if you decide to submit a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this notice.

6

**Reservation of Rights**

Nothing contained in this Bar Date Notice is intended, or should be construed, as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any submitted Proof of Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such Claims; (b) subsequently designate any scheduled Claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

**Consequences of Failure to Submit a Proof of Claim by the Applicable Bar Date**

ANY HOLDER OF A CLAIM THAT IS <u>NOT</u> LISTED IN THIS NOTICE AS A CLAIM EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER AND THAT FAILS TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) VOTING ON ANY CHAPTER 11 PLAN FILED IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, (2) PARTICIPATING IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, AND (3) RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM. SUCH PERSON OR ENTITY SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR ANY PURPOSE IN THESE CHAPTER 11 CASES.

*[Remainder of page intentionally left blank]*

7

Dated: [●], 2026

*/s/ Draft*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Ryan T. Jareck
Daniel J. Harris
Matteo Percontino
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            rjareck@coleschotz.com
            dharris@coleschotz.com
            mpercontino@coleschotz.com

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**Exhibit 3**

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| FRESHREALM, INC., *et al.*,[1] | Case No. 26-14656 (MEH) |
| Debtors. | (Jointly Administered) |

**NOTICE OF BAR DATES FOR SUBMITTING
PROOFS OF CLAIM AND CLAIMS UNDER SECTION
503(B)(9) OF THE BANKRUPTCY CODE AGAINST THE DEBTOR**

**PLEASE TAKE NOTICE THAT** the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") has entered the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief* (the "**Bar Date Order**") [Docket No. __] establishing **5:00 p.m., prevailing Eastern Time, on July 27, 2026** (the "General Claims Bar Date"), as the last date for each Person or Entity[2] (including individuals, partnerships, corporations, joint ventures and trusts) to submit proofs of claim (each, a "Proof of Claim") against the debtors (the "Debtors"). A copy of the Bar Date Order, and any exhibits thereto are available (i) at the Debtors' expense upon request to Kroll Restructuring Administration LLC ("Kroll" or the "Notice and Claims Agent"), by calling (888) 454-0938 (toll free) for callers in the United States and Canada or by calling +1 (646) 452-8302 for international callers, (ii) for no charge by visiting the Debtors' restructuring website at https://restructuring.ra.kroll.com/FreshRealm/, or (iii) for a fee via PACER by visiting http://ecf.njb.uscourts.gov.

The Bar Date Order requires that all Entities (collectively, the "Claimants") holding or wishing to assert a Claim that arose or is deemed to have arisen prior to **April 27, 2026** (the "Petition Date"), against the Debtors to submit a Proof of Claim so as to be actually received by the Notice and Claims Agent on or before the applicable bar date as set forth below (collectively, the "Bar Dates").

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: FreshRealm, Inc. (8505); FreshRealm Holdings, Inc. (1563); IHEC, LLC (8728); FreshRealm HR, LLC (7221); and FreshRealm Texas, LLC (8263). The location of FreshRealm, Inc.'s principal place of business and service address is: 901 W Linden Ave, Linden, NJ 07036.

[2] Except as otherwise defined herein, all terms specifically defined in title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") shall have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (a) the term "Claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "Entity" (including individuals, partnerships, corporations, joint ventures, and trusts) has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "Governmental Unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "Person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

| General Claims Bar Date (Applicable to 503(b)(9) Claims[3]) | All Claimants holding or wishing to assert a Claim must submit a Proof of Claim with respect to such Claim so as to be **actually received** by the Notice and Claims Agent by **July 27, 2026, at 5:00 p.m., prevailing Eastern Time** (the "General Claims Bar Date"), including parties asserting Claims pursuant to section 503(b)(9) of the Bankruptcy Code. |
|---|---|
| **Governmental Bar Date** | All Governmental Units holding or wishing to assert a Claim against the Debtors arising (or deemed to arise) before the Petition Date (whether secured, unsecured priority or unsecured non-priority) must submit a Proof of Claim so as to be **actually received** by the Notice and Claims Agent by **October 26, 2026, at 5:00 p.m., prevailing Eastern Time** (the "Governmental Bar Date"). |
| **Amended Schedules Bar Date** | In the event the Debtors amend or supplement their schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules**"), the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall submit their Claims by the later of (a) the **General Claims Bar Date** or the **Governmental Bar Date**, as applicable, and (b) **5:00 p.m., prevailing Eastern Time**, **on the date that is thirty (30) days** from the date on which the Debtors provide notice of the amendment to the Schedules in a manner that affects such person or entity (such later date, the "Amended Schedules Bar Date"). |
| **Rejection Damages Bar Date** | If you have a Claim arising from the rejection of an executory contract or unexpired lease, you must submit a Proof of Claim based on such rejection on or before the later of (a) the **General Claims Bar Date** or the **Governmental Bar Date**, as applicable, and (b) **5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) days** following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease (the "Rejection Damages Bar Date"). The Debtors will provide notice of the Rejection Damages Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease. |

---

[3] "503(b)(9) Claims" are Claims for the value of goods received by the Debtors within twenty (20) days before the Petition Date, where such goods were sold to the Debtors in the ordinary course of such Debtors' businesses. *See* 11 U.S.C. § 503(b)(9).

2

**<u>When and Where to Submit</u>**

Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent ***actually receives*** the Proof of Claim on or before the applicable Bar Date by: (i) electronically using the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/FreshRealm/, or (ii) by first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an ***original*** signature, at the following addresses:

**If by First-Class U.S. Mail:**

**FreshRealm, Inc. Claims Processing Center**
**c/o Kroll Restructuring Administration LLC**
**Grand Central Station, PO Box 4850**
**New York, NY 10163-4850**

**If by Overnight Courier or Hand Delivery Mailing:**

**FreshRealm Inc., et al. Claims Processing**
**c/o Kroll Restructuring Administration, LLC**
**850 3rd Avenue, Suite 412**
**Brooklyn, NY 11232**

> **PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL,**
> **BY HAND DELIVERY, OR THROUGH KROLL'S WEBSITE.**
>
> **PROOFS OF CLAIM**
> **SUBMITTED BY FACSIMILE OR EMAIL WILL <u>NOT</u> BE**
> **ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED**.

**<u>Contents of Proofs of Claim</u>.** Each Proof of Claim must: (i) be written in English; (ii) be denominated in U.S. Dollars; (iii) conform substantially with the form of Proof of Claim attached as **Exhibit 1** to the Bar Date Order (the "<u>Proof of Claim Form</u>") as provided by the Debtors or Official Form 410; and (iv) be signed or electronically transmitted through the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/FreshRealm/ by the Claimant or by an authorized agent or legal representative of the Claimant.

**<u>Section 503(b)(9) Claim</u>.** In addition to the requirements set forth above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

**Consequences of Failing to Timely Submit Your Proof of Claim.**  Any Claimant who is required, but fails, to submit a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such Claim against the Debtors (or submitting a Proof of Claim with respect thereto).  In such event, the Debtors' property shall be forever discharged from any and all indebtedness or liability with respect to such Claim, and such holder shall not be permitted to vote to accept or reject any plan filed in these Chapter 11 Cases or participate in any distribution on account of such Claim or receive further notices regarding such Claim.

**Reservation of Rights.**  Nothing contained in this notice is intended to or should be construed as a waiver of the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any submitted Proof of Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such Claims; (b) subsequently designate any scheduled Claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

**Additional Information**.  If you have any questions regarding the Claims process and/or if you wish to obtain a copy of the Bar Date Order (which contains a more detailed description of the requirements for submitting Proofs of Claim), a Proof of Claim Form, or related documents, you may do so by visiting the Debtors' restructuring website at https://restructuring.ra.kroll.com/FreshRealm/ or contacting the Notice and Claims Agent by calling (888) 454-0938 (toll free) for callers in the United States and Canada or by calling +1 (646) 452-8302 for international callers and/or writing to the following address:  FreshRealm Inc., et al. Claims Processing, c/o Kroll Restructuring Administration LLC, [Grand Central Station, PO Box 4850, New York, NY 10163]