**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Ryan T. Jareck
Daniel J. Harris
Matteo Percontino
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
rjareck@coleschotz.com
dharris@coleschotz.com
mpercontino@coleschotz.com

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| FRESHREALM, INC., *et al.*,[1] | Case No. 26-14656 (MEH) |
| Debtors. | (Jointly Administered) |

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE REJECTION OF THE PRODUCTION FULFILLMENT AGREEMENT BETWEEN THE DEBTORS AND NUTRITION FOR LONGEVITY, INC. AND (II) GRANTING <u>RELATED RELIEF</u>**

**PLEASE TAKE NOTICE** that, on **July 17, 2026, at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard, the above-captioned debtors and debtors in possession (the "<u>Debtors</u>"), by and through their undersigned proposed counsel, shall move the *Debtors' Motion for Entry of an Order (I) Authorizing the Rejection of the Production*

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: FreshRealm, Inc. (8505); FreshRealm Holdings, Inc. (1563); IHEC, LLC (8728); FreshRealm HR, LLC (7221); and FreshRealm Texas, LLC (8263). The location of FreshRealm, Inc.'s principal place of business and service address is: 901 W Linden Ave, Linden, NJ 07036.

*Fulfillment Agreement Between the Debtors and Nutrition for Longevity, Inc. and (II) Granting Related Relief* (the "Motion") before the Honorable Mark E. Hall, United States Bankruptcy Judge, in Courtroom 3E of the United States Bankruptcy Court for the District of New Jersey, Martin Luther King, Jr. Federal Building, 50 Walnut Street, Newark, NJ 07102 (the "Court"), for entry of an order (the "Order"), substantially in the form submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that, in support of the relief requested in the Motion, the Debtors shall rely on the accompanying Motion, which sets forth the relevant legal and factual bases upon which the relief requested should be granted.  A proposed Order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall:  (i) be in writing, (ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "General Order") and the *Commentary Supplementing Administrative Procedures* dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary, and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Kroll Restructuring

2

Administration LLC at https://restructuring.ra.kroll.com/Freshrealm. You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that unless responses are timely and properly filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

Dated: June 18, 2026

*/s/ Ryan T. Jareck*
**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Ryan T. Jareck
Daniel J. Harris
Matteo Percontino
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:    msirota@coleschotz.com
        wusatine@coleschotz.com
        rjareck@coleschotz.com
        dharris@coleschotz.com
        mpercontino@coleschotz.com

*Counsel to the Debtors and Debtors-in-Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Ryan T. Jareck
Daniel J. Harris
Matteo Percontino
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
rjareck@coleschotz.com
dharris@coleschotz.com
mpercontino@coleschotz.com

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| FRESHREALM, INC., *et al*.,[1] | Case No. 26-14656 (MEH) |
| Debtors. | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE REJECTION OF THE PRODUCTION FULFILLMENT AGREEMENT BETWEEN THE DEBTORS AND NUTRITION FOR LONGEVITY, INC. AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follows in support of this motion (this "Motion"):[2]

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: FreshRealm, Inc. (8505); FreshRealm Holdings, Inc. (1563); IHEC, LLC (8728); FreshRealm HR, LLC (7221); and FreshRealm Texas, LLC (8263). The location of FreshRealm, Inc.'s principal place of business and service address is: 901 W Linden Ave, Linden, NJ 07036.

[2] A description of the Debtors and their business, as well as the facts and circumstances supporting this Motion and giving rise to the Debtors' chapter 11 cases, is set forth in greater detail in the *Declaration of Bryan Fleming, Chief Financial Officer of the Debtors and Senior Director of Alvarez & Marsal North America, LLC in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed

**Relief Requested**

The Debtors seek entry of an order, substantially in the form attached as **Exhibit A** (the "Proposed Order"), (i) authorizing the rejection of that certain Production and Fulfillment Agreement dated May 30, 2025 (the "PFA") between the Debtors and Nutrition for Longevity, Inc. ("N4L") effective as of June 18, 2026 (the "Rejection Date") and (ii) granting related relief. In support of the Motion, the Debtors respectfully represent as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is sections 105(a) and 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

**Background**

4. On April 27, 2026 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On April 29, 2026, this Court entered

---

contemporaneously herewith and incorporated by reference herein. Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

2

an order directing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 42].  The Debtors are operating their business and managing their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On May 14, 2026, the U.S. Trustee appointed an official committee of unsecured creditors [Docket No. 118] (the "Committee").  As of the date hereof, no request for the appointment of a trustee or examiner has been made.

6. As described in the First Day Declaration, the Debtors filed these chapter 11 cases to pursue an expeditious, value-maximizing sale process for the benefit of all stakeholders. Alongside the Blue Apron/Misfits Transaction, the Debtors simultaneously pursued a parallel sale process to maximize value for the Debtors' assets which are not related to the Blue Apron/Misfits Transaction.  To effectuate this goal, the Debtors engaged Rothschild & Co. to launch a competitive marketing process to solicit third parties that might be interested in purchasing the Debtors' assets.

7. To that end, on April 30, 2026, the Debtors filed the *Motion for Entry of an Order (I) Approving the Bidding Procedures, (II) Approving the Stalking Horse Bid Protections, (III) Scheduling Bid Deadlines and Auction(s), (IV) Approving the Form and Manner of Notice Thereof, (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, and (VI) Granting Related Relief* [Docket No. 63] (the "Bidding Procedures Motion").

8. On May 21, 2026, the Court entered the *Order (I) Approving the Bidding Procedures, (II) Approving the Stalking Horse Bid Protections, (III) Scheduling Bid Deadlines and Auction(s), (IV) Approving the Form and Manner of Notice Thereof, (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, and (VI) Granting*

*Related Relief* [Docket No. 160] (the "Bidding Procedures Order").  The Bidding Procedures Order set forth a bid deadline of June 10, 2026 at 4:00 p.m., prevailing Eastern Time.

9.    The Debtors did not receive any qualifying bids by the bid deadline.  Accordingly, on June 11, 2026, the Debtors filed the *Notice of Cancellation of Auction* [Docket No. 240] cancelling the auction under the Bidding Procedures Order.

10.    As set forth in the Bidding Procedures Motion, the N4L business and related PFA were part of the assets being marketed for sale under the Bidding Procedures Order. In addition, N4L currently has approximately $411,400 in outstanding accounts receivable owed to the estates. As there were no bids received, and given the outstanding balance, the Debtors have determined to cease further operations related to the N4L business and reject the PFA to avoid further obligations thereunder and any potential asserted administrative expense claims related to the Debtors' failure to perform under the PFA.

11.    The Debtors have determined that rejecting the PFA is an appropriate exercise of their business judgment and is in the best interests of their estates.  Rejection will allow the Debtors to avoid incurring unnecessary costs and expenses that would otherwise undermine their efforts to minimize costs and maximize value for the benefit of creditors while preserving claims against N4L for accounts receivable owed.

**Basis For Relief**

**A.    The Rejection Standard**

12.    Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract . . . of the debtor."  The decision to assume or reject an executory contract is a matter within the "business judgment" of the debtor.  *See Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection

4

would benefit the estate, the 'business judgment' test." (citation omitted)); *see also Glenstone Lodge, Inc. v. Buckhead Am. Corp. (In re Buckhead Am. Corp.)*, 180 B.R. 83, 88 (Bankr. D. Del. 1995). Application of the business judgment standard requires a court to approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice. *See, e.g.*, *In re HQ Glob. Holdings, Inc.*, 290 B.R. 507, 511–12 (Bankr. D. Del. 2003). Further, "[t]his provision allows a [debtor] to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citation omitted).

13. Rejection of a contract is appropriate where such rejection would benefit the estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39–40 (3d Cir. 1989). Upon finding that a debtor has exercised its sound business judgment in determining that rejection of certain contracts is in the best interests of its creditors and all parties in interest, a court should approve the rejection under section 365(a). *See Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1658 (2019) (stating that the bankruptcy court will generally approve a debtor's choice to assume or reject an executory contract under the deferential "business judgment rule"); *In re Nickels Midway Pier, LLC*, 332 B.R. 262, 271 (Bankr. D.N.J. 2005), *aff'd in part, rev'd in part and remanded*, 341 B.R. 486 (D.N.J. 2006), *aff'd*, 255 F. App'x 633 (3d Cir. 2007) (stating that a bankruptcy court should defer to a debtor's decision to reject a contract unless it is so unreasonable that the decision could only be based on bad faith or whim); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 183 (Bankr. D.N.J. 2002) (stating that to satisfy the "business judgment test" for rejecting executory contracts, the debtor must establish that the rejection will benefit the estate); *In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah

1981) (holding that absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

**B.      Rejection of the PFA Reflects a Reasonable Exercise of the Debtors' Business Judgment**

14.      After careful evaluation and analysis, the Debtors have determined that the PFA will no longer be of value or benefit to the Debtors and that continuing to be bound to the PFA would only cause unnecessary expenses to be incurred by the estates.

15.      The Debtors maintained the PFA with the hopes of selling the N4L business to a prospective purchaser as part of the Bidding Procedures Order sale process.  Since no qualified bids were received, the PFA is no longer needed for the Debtors' operations and will not be assumed and assigned as part of any sale process.  In addition, N4L owes approximately $411,380.29 to the Debtors.  Continuing to service N4L will only increase any balance owed. Thus, the PFA should be immediately rejected and the balance settled.

16.      Based on the foregoing, rejection of the PFA is well within the Debtors' business judgment and is in the best interest of their estates.  Absent rejection, the Debtors will likely be in breach of the PFA for non-performance.  The Debtors are cognizant that the law is not fully settled and courts throughout the country have taken varying approaches in reviewing whether a post-petition and pre-rejection breach may give rise to an administrative expense claim. *See e.g. Matter of Jartran, Inc.,* 732 F.2d 584 (7th Cir. 1984) (applying an "inducement" requirement for the performance of services); *Matter of Whistler Energy II, L.L.C.,* 931 F.3d 432 (5th Cir. 2019) (same); *In re Nat'l Steel Corp.,* 316 B.R. 287, 300 (Bankr. N.D. Ill. 2004) (requiring that any administrative claim be measured by "actual" benefits received by the estates rather than losses or costs incurred by claimant); *In re Ditech Holding Corp.,* 630 F. Supp. 3d 554 (S.D.N.Y. 2022)

(applying a "fair contemplation" test to determine whether claims are pre-petition versus post-petition prior to assessing any benefits received by the estates).

17.    While the Debtors respectfully submit that any alleged post-petition claims by N4L related to non-performance under the PFA are non-priority general unsecured claims, absent rejection, the estates may be subject to an argument by N4L that such breach gives rise to an administrative expense claim at a critical time when the Debtors are making concerted efforts to maximize liquidity and preserve the Debtors' estates.  Out of an abundance of caution and to dispel any uncertainties with the risk that such authority would be applied here, the Debtors respectfully request that the Bankruptcy Court authorize the rejection of the PFA pursuant to section 365(a) of the Bankruptcy Code.

**C.    Rejection of the PFA Effective as of the Date of this Motion is Appropriate**

18.    The Debtors seek to reject the PFA effective as to the Rejection Date, which date is prior to the date of any order approving rejection of the PFA. Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively.  *See In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection"); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365 "does not prohibit the bankruptcy court from allowing the rejection of [leases] to apply retroactively").  Courts have held that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to entry of an order authorizing such rejection where the balance of equities favors such relief.  *See In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028–29 (1st Cir. 1995) (stating that "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively"); *In re Chi-*

*Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (stating "the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)"); *CCI Wireless*, 297 B.R. at 140 (holding that a "court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *BP Energy Co. v. Bethlehem Steel Corp. (In re Bethlehem Steel Corp.)*, No. 03-6419, at *3 (S.D.N.Y. Nov. 15, 2002) ("We cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution."); *see also In re At Home Corp.*, 392 F.3d 1064, 1065–66 (9th Cir. 2004) (holding "that a bankruptcy court may approve retroactively the rejection of an unexpired nonresidential lease").

19.     The Debtors have demonstrated that it is equitable and in the best interest of their estates for rejection to occur effective as of the date this Motion is filed.  First, the PFA is no longer required for the Debtors' business, and the Debtors did not receive any bids related to their assumption as part of the sale process.  Second, without such relief, the Debtors' estates may be subject to material and unnecessary claims by N4L based on non-performance. Third, it is inequitable to require the Debtors to continue to service N4L while a substantial amount of accounts receivable remains due to the Debtors.  Fourth, the Debtors made clear to N4L that it may not be able to service it further following the bid deadline.

20.     In addition, contemporaneously with the filing of this Motion, the Debtors will cause notice of this Motion to be served on N4L, thereby allowing it sufficient opportunity to respond accordingly.  In addition, the Debtors have sought the relief requested at the earliest possible moment in these chapter 11 cases as soon as they determined that the rejection of the PFA was necessary and in the best interests of their estates.

8

21.     For the reasons set forth above, permitting rejection of the PFA to occur as of the Rejection Date is fair and equitable to all parties in interest.

## No Prior Request

22.     No prior request for the relief requested herein has been made by the Debtors to this or any other court.

## Reservation of Rights

23.     Notwithstanding anything to the contrary herein, nothing contained in this Motion or any action taken pursuant to any order granting the relief requested by this Motion is intended as or should be construed or deemed to be:  (a) an implication or admission as to the amount of, basis for, priority of, or validity of any particular claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) an admission that any Contract is, in fact, an executory contract or unexpired lease, or enforceable against the Debtors or the Debtors' estates; (f) an admission by the Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (h) a waiver of the obligation of any party in interest to file a proof of claim.

## Notice

24.     The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee for the District of New Jersey; (b) counsel to the Committee; (c) counsel to Birch Grove Investments LLC; (d) counsel to FaraNord (US) IV Pte

9

Ltd; (e) counsel to the DIP Agent; (f) counsel to N4L; (g) the United States Attorney's Office for the District of New Jersey; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## Conclusion

**WHEREFORE**, the Debtors request that the Court enter the Order granting the relief requested herein and such other relief the Court deems appropriate under the circumstances.

[*Remainder of Page Intentionally Left Blank*]

Dated: June 18, 2026

*/s/ Ryan T. Jareck*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Ryan T. Jareck
Daniel J. Harris
Matteo Percontino
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:      msirota@coleschotz.com
           wusatine@coleschotz.com
           rjareck@coleschotz.com
           dharris@coleschotz.com
           mpercontino@coleschotz.com

*Counsel to the Debtors and Debtors-in-Possession*

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Ryan T. Jareck
Daniel J. Harris
Matteo Percontino
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
rjareck@coleschotz.com
dharris@coleschotz.com
mpercontino@coleschotz.com

*Counsel to the Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| FRESHREALM, INC., *et al*.,[1] | Case No. 26-14656 (MEH) |
| Debtors. | (Jointly Administered) |

### ORDER (I) AUTHORIZING THE REJECTION OF THE PRODUCTION FULFILLMENT AGREEMENT BETWEEN THE DEBTORS AND NUTRITION FOR LONGEVITY, INC. AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through four (4), is

**ORDERED**.

---

[1]   The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: FreshRealm, Inc. (8505); FreshRealm Holdings, Inc. (1563); IHEC, LLC (8728); FreshRealm HR, LLC (7221); and FreshRealm Texas, LLC (8263). The location of FreshRealm, Inc.'s principal place of business and service address is: 901 W Linden Ave, Linden, NJ 07036.

(Page | 2)

| | |
|---|---|
| Debtors: | FRESHREALM, INC., *et al.* |
| Case No. | 26-14656 (MEH) |
| Caption of Order: | Order (I) Authorizing the Rejection of the Production Fulfillment Agreement Between the Debtors and Nutrition for Longevity, Inc. and (II) Granting Related Relief |

Upon the Debtors' motion (the "Motion")[2] for entry of an order (this "Order") pursuant to

sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006: (i) authorizing the

rejection of that certain Production and Fulfillment Agreement dated May 30, 2025 (the "PFA")

between the Debtors and Nutrition for Longevity, Inc. ("N4L") effective as of June 18, 2026 (the

"Rejection Date") and (ii) granting related relief, all as more fully set forth in the Motion; and upon

the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C.

§§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of

the United States District Court for the District of New Jersey, entered July 23, 1984, and amended

on June 6, 2025 (Bumb, C.J.); and this Court having found that this is a core proceeding pursuant

to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with

Article III of the United States Constitution; and this Court having found that venue of this

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on

the Motion were appropriate and no other notice need be provided; and this Court having reviewed

the Motion and having heard the statements in support of the relief requested therein at a hearing

before this Court (the "Hearing"), if any; and this Court having determined that the legal and

factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief

granted herein; and upon all of the proceedings had before this Court; and after due deliberation

and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** to the extent set forth herein.

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2

4149-2346-6857.1

(Page | 3)
Debtors:           FRESHREALM, INC., *et al.*
Case No.           26-14656 (MEH)
Caption of Order:  Order (I) Authorizing the Rejection of the Production Fulfillment
                   Agreement Between the Debtors and Nutrition for Longevity, Inc. and (II)
                   Granting Related Relief

2.      The PFA is deemed rejected effective as of the Rejection Date.

3.      The Debtors shall not be liable for any administrative expenses arising after the Rejection Date with respect to the PFA.

4.      The Debtors do not waive any claims, rights or defenses that they may have against N4L, whether such claims arise under, are related to the rejection of, or are independent of the PFA or that any fees or expenses associated with the PFA pre-Rejection Date provided an actual, necessary cost and expense of preserving the Debtors' estates.

5.      Nothing herein shall prejudice the rights of the Debtors to argue that the PFA was terminated prior to the Petition Date, or that any claim for damages arising from the rejection of the PFA is limited to the remedies available under any applicable termination provision of such contract, or that any such claim is an obligation of a third party, and not that of the Debtors or their estates.

6.      Claims, if any, arising out of the rejection of the PFA must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) thirty days after the date of entry of this Order. If no proof of claim is timely filed, N4L shall be forever barred from asserting a claim for damages arising from the rejection of the PFA.

7.      Notwithstanding anything to the contrary herein, nothing contained in the Motion or any actions taken pursuant to this Order granting the relief requested by the Motion is intended as or should be construed or deemed to be: (a) an implication or admission as to the amount of, basis for, priority of, or validity of any particular claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' rights to

3

4149-2346-6857.1

(Page | 4)

| | |
|---|---|
| Debtors: | FRESHREALM, INC., *et al*. |
| Case No. | 26-14656 (MEH) |
| Caption of Order: | Order (I) Authorizing the Rejection of the Production Fulfillment Agreement Between the Debtors and Nutrition for Longevity, Inc. and (II) Granting Related Relief |

dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) an admission by the Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a waiver of the obligation of any party in interest to file a proof of claim.  Nothing contained in this Order shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim on account of such claim not being paid

8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and/or the Local Bankruptcy Rules for the District of New Jersey Local Rules are satisfied by such notice.

9.      The requirements in Bankruptcy Rule 6006 are satisfied.

10.      The terms and conditions of this Order shall be immediately enforceable and effective upon its entry.

11.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

4149-2346-6857.1