**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Ryan T. Jareck
Daniel J. Harris
Matteo Percontino
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
rjareck@coleschotz.com
dharris@coleschotz.com
mpercontino@coleschotz.com

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| FRESHREALM, INC., *et al*.,[1] | Case No. 26-14656 (MEH) |
| Debtors. | (Jointly Administered) |

**NOTICE OF ASSUMPTION AND ASSIGNMENT OF CERTAIN**
**EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that on June 18, 2026 the United States Bankruptcy Court for

the District of New Jersey (the "Court") entered an order on the motion (the "Motion")[2] of debtors

---

[1]  The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: FreshRealm, Inc. (8505); FreshRealm Holdings, Inc. (1563); IHEC, LLC (8728); FreshRealm HR, LLC (7221); and FreshRealm Texas, LLC (8263). The location of FreshRealm, Inc.'s principal place of business and service address is: 901 W Linden Ave, Linden, NJ 07036.

[2]  Capitalized terms used and not otherwise defined herein have the meanings given to them in the Motion.

and debtors in possession (the "Debtors"), approving procedures for the rejection, assumption, or assumption and assignment of executory contracts and unexpired leases and granting related relief [Docket No. 258] (the "Procedures Order"), a copy of which is available (a) free of charge upon request to Kroll Restructuring Administration LLC (the notice and claims agent retained in these chapter 11 cases) by visiting the website maintained in these chapter 11 cases at https://restructuring.ra.kroll.com/FreshRealm/; or (b) for a fee via PACER by visiting http://www.njb.uscourts.gov.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Procedures Order and by this notice (this "Assumption Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 2** attached hereto is hereby assumed and assigned to Misfits Market, Inc. (the "Assignee") pursuant to the terms of the Transition Services Agreement between the Debtors and the Assignee, effective as of the date (the "Assumption Date") set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

PLEASE TAKE FURTHER NOTICE that parties seeking to object to the proposed assumption and assignment of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases no later than ten (10) days after the date that the Debtors served this Notice and promptly serve such objection on the following parties: (i) the Debtors, (a) FreshRealm, Inc., c/o John Hanson (john.hanson@alvarezandmarsal.com); and (b) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn. Warren A. Usatine, Esq. (wusatine@coleschotz.com), Ryan T. Jareck, Esq. (rjareck@coleschotz.com), Daniel J. Harris, Esq. (dharris@coleschotz.com), and Matteo Percontino, Esq. (mpercontino@coleschotz.com); (ii)

counsel to the Official Committee of Unsecured Creditors, Fox Rothschild LLP, 49 Market Street, Morristown, New Jersey 07960, Attn. Joseph J. DiPasquale, Esq. (jdipasquale@foxrothschild.com), Michael R. Herz, Esq. (mherz@foxrothschild.com), and Jesse M. Harris, Esq. (jesseharris@foxrothschild.com); (iii) counsel to Birch Grove Investments LLC, (a) Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn: Robert T. Schmidt, Esq. (robert.schmidt@hsfkramer.com), Richard E. Farley, Esq. (richard.farley@hsfkramer.com), Andrew Citron, Esq.  (Andrew.citron@hsfkramer.com), and Marie Soga, Esq. (marie.soga@hsfkramer.com) and (b) Sills Cummis & Gross P.C., The Legal Center, One Riverfront Plaza, Newark, NJ 07102, Attn: Andrew Sherman, Esq. (asherman@sillscummis.com) and Boris Mankovetskiy, Esq. (bmankovetskiy@sillscummis.com); (iv) counsel to FaraNord (US) IV Pte Ltd,  Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Christopher Marcus, Esq. (cmarcus@kirkland.com), Jordan D. Roberts, Esq. (jordan.roberts@kirkland.com), Jess Lepper, Esq. (jess.lepper@kirkland.com), Charles H. Martin, Esq. (Charles.martin@kirkland.com), and Kelly Meyer, Esq. (kelly.meyer@kirkland.com); (v) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran B. Steele (fran.b.steele@usdoj.gov) and David Gerardi (david.gerardi@usdoj.gov); and (vi) counsel to the Assignee, Orrick, Herrington & Sutcliffe LLP, 51 West 52nd Street, New York, NY 10019, Attn: Laura Metzger, Esq. (lmetzger@orrick.com) and Michael Trentin, Esq. (mtrentin@orrick.com).  Only those responses that are timely filed, served, and received will be considered at any hearing.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the assumption and assignment of each Contract shall become effective on the applicable Assumption

Date set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to such Contract agree.[3]

**PLEASE TAKE FURTHER NOTICE** that, the proposed cure amount under the Contract is set forth in **Schedule 2** attached hereto. If a written objection to the proposed cure amount is not timely filed, then the cure amount shall be binding on all parties and no amount in excess thereof shall be paid for cure purposes.

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the assumption and assignment of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates and shall provide at least ten (10) days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties. If such objection is overruled or withdrawn, such Contract or Contracts shall be assumed and assigned as of the Assumption Date set forth in **Schedule 2** attached hereto or such other date as the Debtors and the counterparty or counterparties to such Contract agree.

---

[3] An objection to the assumption of any particular Contract listed in this Assumption Notice shall not constitute an objection to the assumption of any other contract or lease listed in this Assumption Notice. Any objection to the assumption of any particular Contract listed in this Assumption Notice must state with specificity the Contract to which it is directed. For each particular Contract whose assumption is not timely or properly objected to, such assumption will be effective in accordance with this Assumption Notice and the Order.

Dated: August 7, 2026

*/s/ Matteo Percontino*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Ryan T. Jareck
Daniel J. Harris
Matteo Percontino
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:       msirota@coleschotz.com
             wusatine@coleschotz.com
             rjareck@coleschotz.com
             dharris@coleschotz.com
             mpercontino@coleschotz.com

*Counsel to the Debtors and Debtors in Possession*

**<u>Schedule 1</u>**

**Procedures Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**

Michael D. Sirota
Warren A. Usatine
Ryan T. Jareck
Daniel J. Harris
Matteo Percontino
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
rjareck@coleschotz.com
dharris@coleschotz.com
mpercontino@coleschotz.com

*Proposed Counsel to the Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| FRESHREALM, INC., *et al*.,[1] | Case No. 26-14656 (MEH) |
| Debtors. | (Jointly Administered) |

**Order Filed on June 18, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

### ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through thirteen (13), is hereby **ORDERED**.

**DATED: June 18, 2026**

Honorable Mark E. Hall
United States Bankruptcy Judge

---

[1]   The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: FreshRealm, Inc. (8505); FreshRealm Holdings, Inc. (1563); IHEC, LLC (8728); FreshRealm HR, LLC (7221); and FreshRealm Texas, LLC (8263). The location of FreshRealm, Inc.'s principal place of business and service address is: 901 W Linden Ave, Linden, NJ 07036.

Page (2)
Debtors:              FRESHREALM, INC., *et al.*
Case No.:             26-14656 (MEH)
Caption of Order:     ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO
                      REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED
                      LEASES AND (II) GRANTING RELATED RELIEF

Upon the *Debtors' Motion for Entry of an Order (I) Authorizing And Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (the "Debtors"), for entry of an order (this "Order") (a) authorizing and approving the Contract Procedures for rejecting or assuming the Contracts, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard statements, if any, in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

2.      The following Rejection Procedures are approved in connection with rejecting Contracts:

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Page (3)
Debtors:           FRESHREALM, INC., *et al.*
Case No.:          26-14656 (MEH)
Caption of Order:  ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

---

a. ***Rejection Notice***. The Debtors shall file a notice substantially in the form attached hereto as Exhibit 1 (the "Rejection Notice") indicating the Debtors' intent to reject a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things: (i) the Contract or Contracts to be rejected; (ii) the names and addresses of the counterparties to such Contract(s) (each a "Rejection Counterparty"); (iii) the proposed effective date of rejection for each such Contract(s) (each, the "Rejection Date"); (iv) if any such Contract is a lease or other agreement relating to real property, the personal property to be abandoned (the "Abandoned Property"), if any; (v) with respect to real property, any known third party having an interest in any remaining property, including personal property, furniture, fixtures, and equipment, located at the leased premises; and (vi) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Rejection Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on each Rejection Notice shall be limited to no more than 100 and the Rejection Counterparties shall be listed in alphabetical order. No Contract shall be deemed rejected absent entry of an Order (a "Rejection Order").

b. ***Service of the Rejection Notice***. The Debtors will cause each Rejection Notice to be served: (i) by overnight delivery service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract or email (if known), upon such Rejection Counterparty's counsel (if known), and all parties who may have any interest in any Abandoned Property (if known); and (ii) by first class mail, email, or fax, upon (A) counsel to the Official Committee of Unsecured Creditors, Fox Rothschild LLP, 49 Market Street, Morristown, New Jersey 07960, Attn. Joseph J. DiPasquale, Esq. (jdipasquale@foxrothschild.com), Michael R. Herz, Esq. (mherz@foxrothschild.com), and Jesse M. Harris, Esq. (jesseharris@foxrothschild.com); (B) counsel to Birch Grove Investments LLC, (i) Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn: Robert T. Schmidt, Esq. (robert.schmidt@hsfkramer.com), Richard E. Farley, Esq. (richard.farley@hsfkramer.com), Andrew Citron, Esq. (Andrew.citron@hsfkramer.com), and Marie Soga, Esq. (marie.soga@hsfkramer.com) and (ii) Sills Cummis & Gross P.C., The Legal Center, One Riverfront Plaza, Newark, NJ 07102, Attn: Andrew Sherman, Esq. (asherman@sillscummis.com) and Boris Mankovetskiy, Esq. (bmankovetskiy@sillscummis.com); (C) counsel to FaraNord (US) IV Pte Ltd, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Christopher Marcus, Esq. (cmarcus@kirkland.com), Jordan D.

| | |
|---|---|
| Page (4) | |
| Debtors: | FRESHREALM, INC., *et al.* |
| Case No.: | 26-14656 (MEH) |
| Caption of Order: | ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF |

Roberts, Esq. (jordan.roberts@kirkland.com), Jess Lepper, Esq. (jess.lepper@kirkland.com), Charles H. Martin, Esq. (Charles.martin@kirkland.com), and Kelly Meyer, Esq. (kelly.meyer@kirkland.com); (D) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran B. Steele (fran.b.steele@usdoj.gov) and David Gerardi (david.gerardi@usdoj.gov); and (E) any party that has requested notice pursuant to Bankruptcy Rule 2002.

c.    ***Objection Procedures***. Parties objecting to a proposed rejection must file and serve a written objection[2] so that such objection is filed with this Court on the docket of the Debtors' chapter 11 cases no later than ten (10) days after the date the Debtors file and serve the relevant Rejection Notice (the "Rejection Objection Deadline") and promptly serve such objection on the following parties (collectively, the "Objection Service Parties"): (i) the Debtors, FreshRealm, Inc., c/o Kyle Parker (kyle.parker@freshrealm.com); (ii) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn. Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Ryan T. Jareck, Esq. (rjareck@coleschotz.com), Daniel J. Harris, Esq. (dharris@coleschotz.com), and Matteo Percontino, Esq. (mpercontino@coleschotz.com); (iii) counsel to the Official Committee of Unsecured Creditors, Fox Rothschild LLP, 49 Market Street, Morristown, New Jersey 07960, Attn. Joseph J. DiPasquale, Esq. (jdipasquale@foxrothschild.com), Michael R. Herz, Esq. (mherz@foxrothschild.com), and Jesse M. Harris, Esq. (jesseharris@foxrothschild.com); (iv) counsel to Birch Grove Investments LLC, (a) Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn: Robert T. Schmidt, Esq. (robert.schmidt@hsfkramer.com), Richard E. Farley, Esq. (richard.farley@hsfkramer.com), Andrew Citron, Esq. (Andrew.citron@hsfkramer.com), and Marie Soga, Esq. (marie.soga@hsfkramer.com) and (b) Sills Cummis & Gross P.C., The Legal Center, One Riverfront Plaza, Newark, NJ 07102, Attn: Andrew Sherman, Esq. (asherman@sillscummis.com) and Boris Mankovetskiy, Esq. (bmankovetskiy@sillscummis.com); (v) counsel to FaraNord (US) IV Pte Ltd, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Christopher Marcus, Esq. (cmarcus@kirkland.com), Jordan D.

---

[2]    An objection to the rejection of any particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

Page (5)
Debtors:            FRESHREALM, INC., *et al.*
Case No.:           26-14656 (MEH)
Caption of Order:   ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO
                    REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED
                    LEASES AND (II) GRANTING RELATED RELIEF

Roberts, Esq. (jordan.roberts@kirkland.com), Jess Lepper, Esq. (jess.lepper@kirkland.com), Charles H. Martin, Esq. (Charles.martin@kirkland.com), and Kelly Meyer, Esq. (kelly.meyer@kirkland.com); and (vi) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran B. Steele (fran.b.steele@usdoj.gov) and David Gerardi (david.gerardi@usdoj.gov).

d.   ***No Objection Timely Filed***. If no objection to the rejection of any Contract is timely filed, the Debtors shall file a proposed Rejection Order under a certificate of no objection. Each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agree; *provided*, *however*, that the Rejection Date for a rejection of a lease of nonresidential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises; *provided*, *further*, that the Rejection Date for a lease of nonresidential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e.   ***Unresolved Timely Objections***. If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least ten (10) days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties. Such Contract will only be deemed rejected upon entry by the Court of a consensual form of Rejection Order resolving the objection as between the objection party and the Debtors or, if resolution is not reached and/or the objection is not withdrawn, upon further order of the Court and shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty agree, or as ordered by the Court.

f.   ***Removal from Schedule***. The Debtors reserve the right to remove any Contract from the schedule to a Rejection Notice at any time prior to the Rejection Date; *provided,* that the Debtors shall not remove any Contract from the schedule to a Rejection Notice if they have relinquished control of

Page (6)
Debtors:          FRESHREALM, INC., *et al.*
Case No.:         26-14656 (MEH)
Caption of Order: ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises as described above and (a) turning over keys, key codes, and security codes, if any, to the affected landlord or (b) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises.

g.    ***No Application of Security Deposits***. If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

h.    ***Abandoned Property***. The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property, including but not limited to, any store signage or furniture, fixtures and equipment, that may be located on the Debtors' leased premises that are subject to a rejected Contract; *provided*, *however*, that (i) nothing shall modify any requirement under applicable law with respect to the removal of any hazardous materials as defined under applicable law from any of the Debtors' leased premises, (ii) to the extent the Debtors seek to abandon personal property that contains "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code (the "PII"), the Debtors will use commercially reasonable efforts to remove the PII from such personal property before abandonment, and (iii) within five (5) business days of filing a Rejection Notice, the Debtors will make reasonable efforts to contact any third parties that may be known to the Debtors to have a property interest in the Abandoned Property and ask such third parties to remove or cause to be removed personal property, if any, from the premises prior to the Rejection Date. The Debtors shall generally describe the property in the Rejection Notice and their intent to abandon such property. Absent a timely objection, any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition. The rights of the applicable landlord to assert claims with respect to such disposition of the abandoned property are reserved, as are all parties' rights to object to such claims.

Page (7)
Debtors:            FRESHREALM, INC., *et al.*
Case No.:           26-14656 (MEH)
Caption of Order:   ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO
                    REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED
                    LEASES AND (II) GRANTING RELATED RELIEF

i.   ***Proofs of Claim***. Claims arising out of the rejection of Contracts, if any, must be filed in accordance with any confirmed plan of reorganization or on or before the later of (i) the deadline for filing proofs of claim established in this chapter 11 case, if any, and (ii) 30 days after the later of (A) the date of entry of the Rejection Order approving rejection of the applicable Contract, and, (B) the Rejection Date.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

3.   The following Assumption Procedures are approved in connection with the assumption or assumption and assignment of Contracts:

a.   ***Assumption Notice***. The Debtors shall file a notice substantially in the form attached to the Order as Exhibit 2 (the "Assumption Notice") indicating the Debtors' intent to assume a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Assumption Notice shall set forth, among other things: (i) the Contract or Contracts to be assumed; (ii) the names and addresses of the counterparties to such Contract(s) (each an "Assumption Counterparty"); (iii) the proposed effective date of assumption for each such Contract(s) (each, the "Assumption Date"); (iv) the proposed cure amount, if any, for each such Contract; (v) a description of any material amendments to the Contract made outside of the ordinary course of business, either by mutual agreement by the parties or otherwise; (vi) the identity of any proposed assignee of such Contract (the "Assignee"), if applicable; and (vi) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below).  The Assumption Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on each Assumption Notice shall be limited to no more than 100.  No Contract shall be deemed assumed absent entry of an Order (an "Assumption Order").

b.   ***Service of Assumption Notice and Evidence of Adequate Assurance***. No later than three (3) business days after filing an Assumption Notice, the Debtors will cause such Assumption Notice to be served, regardless of the manner and means required for delivery of notices stated in the affected Contract(s) (i) by overnight service and electronic mail upon the Assumption Counterparties affected by the Assumption Notice and each Assignee, if applicable, at the address set forth in the notice provision of the applicable Contract (and upon the Assumption Counterparties' counsel, if known, with email service upon such counsel being sufficient) and (ii) by first class mail, email, or fax upon (A) counsel to the Official Committee of

| | |
|---|---|
| Page (8) | |
| Debtors: | FRESHREALM, INC., *et al.* |
| Case No.: | 26-14656 (MEH) |
| Caption of Order: | ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF |

Unsecured Creditors, Fox Rothschild LLP, 49 Market Street, Morristown, New Jersey 07960, Attn. Joseph J. DiPasquale, Esq. (jdipasquale@foxrothschild.com), Michael R. Herz, Esq. (mherz@foxrothschild.com), and Jesse M. Harris, Esq. (jesseharris@foxrothschild.com); (B) counsel to Birch Grove Investments LLC, (i) Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn: Robert T. Schmidt, Esq. (robert.schmidt@hsfkramer.com), Richard E. Farley, Esq. (richard.farley@hsfkramer.com), Andrew Citron, Esq. (Andrew.citron@hsfkramer.com), and Marie Soga, Esq. (marie.soga@hsfkramer.com) and (ii) Sills Cummis & Gross P.C., The Legal Center, One Riverfront Plaza, Newark, NJ 07102, Attn: Andrew Sherman, Esq. (asherman@sillscummis.com) and Boris Mankovetskiy, Esq. (bmankovetskiy@sillscummis.com); (C) counsel to FaraNord (US) IV Pte Ltd, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Christopher Marcus, Esq. (cmarcus@kirkland.com), Jordan D. Roberts, Esq. (jordan.roberts@kirkland.com), Jess Lepper, Esq. (jess.lepper@kirkland.com), Charles H. Martin, Esq. (Charles.martin@kirkland.com), and Kelly Meyer, Esq. (kelly.meyer@kirkland.com); (D) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran B. Steele (fran.b.steele@usdoj.gov) and David Gerardi (david.gerardi@usdoj.gov); and (E) any party that has requested notice pursuant to Bankruptcy Rule 2002.

c.   ***Objection Procedures***. Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract must file and serve a written objection[3] so that such objection is filed with this Court on the docket of the Debtors' chapter 11 cases no later than ten (10) days after the date the Debtors file and serve the relevant Assumption Notice (the "Assumption Objection Deadline") and promptly serve such objection on the following parties (the "Objection Service Parties"): (i) the Debtors, FreshRealm, Inc., c/o Kyle Parker (kyle.parker@freshrealm.com); (ii) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn. Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Ryan T. Jareck, Esq. (rjareck@coleschotz.com), Daniel J. Harris, Esq.

---

[3]   An objection to the assumption of any particular Contract listed on an Assumption Notice shall not constitute an objection to the assumption of any other Contract listed on such Assumption Notice.

| | |
|---|---|
| Page (9) | |
| Debtors: | FRESHREALM, INC., *et al.* |
| Case No.: | 26-14656 (MEH) |
| Caption of Order: | ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF |

(dharris@coleschotz.com), and Matteo Percontino, Esq. (mpercontino@coleschotz.com); (iii) counsel to the Official Committee of Unsecured Creditors, Fox Rothschild LLP, 49 Market Street, Morristown, New Jersey 07960, Attn. Joseph J. DiPasquale, Esq. (jdipasquale@foxrothschild.com), Michael R. Herz, Esq. (mherz@foxrothschild.com), and Jesse M. Harris, Esq. (jesseharris@foxrothschild.com); (iv) counsel to Birch Grove Investments LLC, (a) Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn: Robert T. Schmidt, Esq. (robert.schmidt@hsfkramer.com), Richard E. Farley, Esq. (richard.farley@hsfkramer.com), Andrew Citron, Esq. (Andrew.citron@hsfkramer.com), and Marie Soga, Esq. (marie.soga@hsfkramer.com) and (b) Sills Cummis & Gross P.C., The Legal Center, One Riverfront Plaza, Newark, NJ 07102, Attn: Andrew Sherman, Esq. (asherman@sillscummis.com) and Boris Mankovetskiy, Esq. (bmankovetskiy@sillscummis.com); (v) counsel to FaraNord (US) IV Pte Ltd, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Christopher Marcus, Esq. (cmarcus@kirkland.com), Jordan D. Roberts, Esq. (jordan.roberts@kirkland.com), Jess Lepper, Esq. (jess.lepper@kirkland.com), Charles H. Martin, Esq. (Charles.martin@kirkland.com), and Kelly Meyer, Esq. (kelly.meyer@kirkland.com); and (vi) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran B. Steele (fran.b.steele@usdoj.gov) and David Gerardi (david.gerardi@usdoj.gov).

d.  ***No Objection Timely Filed***. If no objection to the assumption of any Contract is timely filed, the Debtors shall file a proposed Assumption Order under a certificate of no objection. Each Contract listed in the applicable Assumption Notice shall be assumed as of the applicable Assumption Date set forth in the Assumption Notice or such other date as the Debtors and the applicable Assumption Counterparty agree; *provided*, *however*, that the Assumption Date for a lease of nonresidential real property shall not occur earlier than the date the Debtors filed and served the applicable Assumption Notice.

e.  ***Unresolved Timely Objections***. If an objection to an Assumption Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least ten (10) days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties. Such Contract will only be deemed assumed upon entry by the Court of a consensual form of an Assumption Order resolving the objection as between

Page (10)
Debtors:              FRESHREALM, INC., *et al.*
Case No.:             26-14656 (MEH)
Caption of Order:     ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO
                      REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED
                      LEASES AND (II) GRANTING RELATED RELIEF

the objection party and the Debtors or, if resolution is not reached and/or the objection is not withdrawn, upon further order of the Court and shall be assumed as of the applicable Assumption Date set forth in the Assumption Notice or such other date to which the Debtors and the applicable Assumption Counterparty agree, or as ordered by the Court.

f.   ***Removal from Schedule***. The Debtors reserve the right to remove any Contract from the schedule to an Assumption Notice at any time prior to the Assumption Date.

4.   Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of any Contract pursuant to the Assumption Procedures shall (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guaranties of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims and encumbrances that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s) (but only in connection with the assignment by the Debtor to the Assignee)), *provided*, *however*, that any such assignment shall not be free and clear of any accrued but unbilled or not due rent and charges under a lease of nonresidential real property including adjustments, reconciliations and indemnity obligations, liability for which shall be assumed by the Debtors or the applicable Assignee, as agreed by and among the Debtors and the applicable Assignee; and (b) constitute a legal, valid, and effective transfer of such Contract(s) and vest the applicable Assignee

Page (11)

| | |
|---|---|
| Debtors: | FRESHREALM, INC., *et al.* |
| Case No.: | 26-14656 (MEH) |
| Caption of Order: | ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF |

with all rights, titles, and interests to the applicable Contracts.[4]  For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

5.      Any assignment to Misfits Markets shall be subject to the provisions of the TSA and any order approving the TSA.

6.      Subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of any Contract, and subject to the other provisions of this Order (including the aforementioned Assumption Procedures), the Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to any Assignees the applicable Contracts, with any applicable Assignee being responsible only for the post-assignment liabilities or defaults under the applicable Contracts except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer any such Contract.

7.      The Debtors' right to assert that any provisions in the Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of such Contract to an Assignee are unenforceable anti-assignment or ipso facto clauses is fully reserved.

8.      The Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contracts arising, accruing, or relating to a period prior to the applicable closing date.

---

[4]   Certain of the Contracts may contain provisions that restrict, prohibit, condition, or limit the assumption and/or assignment of such Contract. The Debtors reserve all rights with respect to the enforceability of such provisions, including the right to argue such clauses are unenforceable.

Page (12)
Debtors:            FRESHREALM, INC., *et al.*
Case No.:           26-14656 (MEH)
Caption of Order:   ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO
REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED
LEASES AND (II) GRANTING RELATED RELIEF

9.       The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into the consensual amendments as set forth in an Assumption Notice.

10.      Approval of the Rejection Procedures and this Order will not prevent the Debtors from seeking to reject a Contract by separate motion.

11.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

12.      All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert

Page (13)
Debtors:              FRESHREALM, INC., *et al.*
Case No.:             26-14656 (MEH)
Caption of Order:     ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO
                      REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED
                      LEASES AND (II) GRANTING RELATED RELIEF

that any particular Contract is expired or terminated and is no longer an executory contract or unexpired lease, respectively.

13.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion, the Rejection Notices, and the Assumption Notices.

14.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Schedule 2

### Assumed and Assigned Contracts

| Assumption Counterparty | Description of Contract[1] | Assignee | Cure Amounts | Assumption and Assignment Date |
|---|---|---|---|---|
| N. J. Malin & Associates LLC | EQUIPMENT LEASE DATED: 09/19/2022 | Misfits Market, Inc. | $0 | 8/31/2026 |
| Raymond Handling Concepts Corporation | EQUIPMENT MASTER LEASE AGREEMENT #1 DATED: 02/18/2025 | Misfits Market, Inc. | $0 | 8/31/2026 |
| Raymond Handling Concepts Corporation | EQUIPMENT MASTER LEASE AGREEMENT #2 DATED: 02/18/2025 | Misfits Market, Inc. | $0 | 8/31/2026 |
| Raymond Handling Concepts Corporation | EQUIPMENT MASTER LEASE AGREEMENT #3 DATED: 02/18/2025 | Misfits Market, Inc. | $0 | 8/31/2026 |
| Raymond Handling Concepts Corporation | EQUIPMENT MASTER LEASE AGREEMENT DATED: 05/22/2023 | Misfits Market, Inc. | $0 | 8/31/2026 |
| Raymond Handling Concepts Corporation | EQUIPMENT MASTER LEASE AGREEMENT NO. 3301410 DATED: 12/30/2019 | Misfits Market, Inc. | $0 | 8/31/2026 |
| Raymond Handling Concepts Corporation | EQUIPMENT MASTER LEASE AGREEMENT NO. 362821 DATED: 10/04/2021 | Misfits Market, Inc. | $0 | 8/31/2026 |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

| Raymond Handling Concepts Corporation | EQUIPMENT MASTER LEASE AGREEMENT NO. 411865 DATED: 03/29/2023 | Misfits Market, Inc. | $0 | 8/31/2026 |
|---|---|---|---|---|
| Raymond Handling Concepts Corporation | EQUIPMENT MASTER LEASE AGREEMENT DATED: 12/22/2022 | Misfits Market, Inc. | $0 | 8/31/2026 |
| Raymond Handling Concepts Corporation | EQUIPMENT MASTER LEASE AGREEMENT DATED: 09/30/2024 | Misfits Market, Inc. | $0 | 8/31/2026 |
| Raymond of New Jersey, LLC | EQUIPMENT LEASE AGREEMENT DATED: 02/16/2023 | Misfits Market, Inc. | $0 | 8/31/2026 |
| Watts Equipment Company | MASTER LEASE AGREEMENT DATED: 04/12/2023 | Misfits Market, Inc. | $2,800 | 8/31/2026 |
| Watts Equipment Company | MASTER LEASE AGREEMENT DATED: 06/28/2021 | Misfits Market, Inc. | $0 | 8/31/2026 |